Bell, J.
 

 In the course of this opinion, Dolores Metzger will be designated as plaintiff and The Ohio, Detroit & Pennsylvania Railroad Company and The Pennsylvania Railioad Company as defendants.
 

 In the statement of facts it has been pointed out that the case was tried on the basis of nuisance. It should further be pointed out that The Pennsylvania, Ohio
 
 &
 
 Detroit Railroad Company was named a defendant as lessor, under the provisions of Section 8814, General Code, which makes a railroad company lessor and a railroad company lessee jointly liable for negligence growing out of the operation of the railroad.
 

 In the case of
 
 Taylor
 
 v.
 
 City of Cincinnati,
 
 143 Ohio St., 426, 55 N. E. (2d), 724,155 A. L. R., 44, Judge Hart discussed the subject of nuisance in all of its aspects and he clearly pointed out the distinction between an absolute nuisance, commonly known as a nuisance
 
 per se,
 
 and a qualified nuisanc'e, commonly known as a nuisance based on negligence. No useful purpose would be served by reiterating here what was so well said there.
 

 The first three types of wrongs pointed out by Judge Hart in the
 
 Taylor case, supra,
 
 involve absolute nuisance and the fourth type of wrong involves qualified nuisance,
 
 i. e.,
 
 nuisance based on negligence.
 

 
 *410
 
 In the instant case, the Court of Appeals held that the facts did not disclose a nuisance
 
 per se,
 
 and with that conclusion we are in entire accord. Therefore, if nuisance is involved here it was a nuisance based on negligence. We shall, therefore, confine ourselves to the question of qualified nuisance.
 

 In the
 
 Taylor■ case, supra,
 
 at page 445, it is said:
 

 " * a qualified nuisance or nuisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm which, in due course, results in injury to another.”
 

 This .definition is supported by the overwhelming weight of authority, and it may be said with equal supporting authority that, where the recovery sought is based on qualified nuisance, the petition must allege some act of negligence upon the part of the party to be charged. Unless there be some act of negligence, there can be no qualified nuisance.
 
 O’Day
 
 v.
 
 Shouvlin,
 
 104 Ohio St., 519, 136 N. E., 289;
 
 McFarlane
 
 v.
 
 City of Niagara Falls,
 
 247 N. Y., 240;
 
 Taylor
 
 v.
 
 City of Cincinnati, supra.
 

 It should be observed that The Pennsylvania Railroad Company had the legal right to operate coal-burning locomotives upon its tracks, and that it had the legal right, if it did so, to fire such engines at any dime it became necessary during the course of the railroad operations.
 

 It is a matter of almost universal knowledge that when a coal-burning engine is fired it will emit dense black smoke.
 

 In an action for nuisance based on negligence, before recovery can be had, it is necessary to find some duty owing to the party complaining and a breach of that duty.
 

 With those thoughts in mind, let us scan the allegations contained in the petition and the evidence offered’
 
 *411
 
 in support thereof and determine whether plaintiff either pleaded or proved a cause of action.
 

 A careful examination of the petition will disclose that the plaintiff failed to allege any act of negligence on the part of the defendants. It is quite evident from a reading of that document that the pleader proceeded upon the theory that the cause of action was based upon absolute nuisance, and that it was unnecessary to allege any act of negligence.
 

 This court on several occasions has passed upon the question here presented.
 

 In
 
 Huff
 
 v.
 
 Austin,
 
 46 Ohio St., 386, 21 N. E., 864,,it was held:
 

 “The plaintiff as an employee of P.
 
 & Co.,
 
 was at work on the premises of the defendants, in helping to set up a saw-mill which the defendants had purchased of P. & Co. While so at work, a steam boiler, owned and used by the defendants on the premises to run the saw-mill, exploded and injured the plaintiff.
 
 Held:
 
 That in an action for damages, the mere fact of the explosion did not raise a
 
 prima facie
 
 presumption of negligence on the part of the defendants.”
 

 That case involved a qualified nuisance.
 

 In
 
 Bradford Glycerine Co.
 
 v.
 
 St. Marys Woolen Mfg. Co.,
 
 60 Ohio St., 560, 54 N. E., 528, the court was considering a case wherein the agency causing the damage was nitroglycerine. There the court held that recovery could be had without plea or proof of negligence. That case involved absolute nuisance.
 

 In
 
 O’Day
 
 v.
 
 Shouvlin, supra,
 
 the court was dealing with a case involving a fire caused by sparks from a cupola located on nearby property, and held that the petition, in the absence of allegations of negligence, was demurrable. That case involved qualified nuisance. See, also,
 
 Langabaugh
 
 v.
 
 Anderson,
 
 68 Ohio St., 131, 67 N. E., 286; and
 
 Armour & Co.
 
 v.
 
 Ott, Admx.,
 
 117 Ohio St., 252, 158 N. E., 189.
 

 
 *412
 
 Based upon the case law of Ohio, this rule may be promulgated: If the cause of action is based upon absolute nuisance, it is unnecessary to plead or prove negligence; on the other hand, if the cause of action is based upon qualified nuisance, negligence must be alleged and proven.
 

 Applying that test to the petition in the instant case, we conclude that the petition fails to state a cause of action.
 

 Coming now to the evidence, the only evidence offered which would even tend to raise an inference of negligence was the fact that from the engine, suddenly and without warning, “big black smoke came up and surrounded” plaintiff.
 

 Unless that fact raised an inference of negligence, the plaintiff failed to prove negligence or any facts ■from which negligence could be inferred.
 

 The record is- devoid of any evidence as to what caused the locomotive to stop directly beneath the bridge or what caused it to emit the dense black smoke. The record does disclose that the locomotive was stopped under the bridge for only a few minutes, that’ the dense black smoke and gas lasted only a short period of time, and that there was no recurrence thereof.
 

 It was not negligence to stop the locomotive under the bridge.
 

 The most favorable view that can be taken of the plaintiff’s case is that'fresh coal was put into the locomotive’s firebox while it was standing directly beneath the bridge, but, even if we assume that state of facts, can it be said that the railroad company would or should reasonably have anticipated a result such as that disclosed by this record? We think not.
 

 In
 
 Hetrick, Admx.,
 
 v.
 
 Marion-Reserve Power Co.,
 
 141 Ohio St., 347, 48 N. E. (2d), 103, we held that a defendant is not liable to one injured as the result o.f some unusual occurrence that cannot fairly be anticipated or
 
 *413
 
 foreseen and is not within the range of reasonable probability. In 29 Ohio Jurisprudence, 483, Section 68, will be found a full discussion of this subject.
 

 This court in the case of
 
 Ruffner
 
 v.
 
 Cincinnati, Hamilton & Dayton Rd. Co.,
 
 34 Ohio St., 96, held:
 

 “Where a railroad company is authorized to propel its trains and operate its road by the use of steam locomotives, no inference of negligence arises from the mere fact that an injury to adjacent property was caused by sparks emitted from such locomqtives.”
 

 The emission of dense black smoke from a coal-burning locomotive is a natural result from the ordinary use thereof, and it cannot be presumed, either in law or in fact, that such smoke is caused by negligence in such use.
 

 The principle applied in the
 
 Ruffner case
 
 applies with equal force to the facts here presented and is dis-positive of this case.
 

 The plaintiff failed to allege or prove any act of negligence or any facts from which negligence could be inferred.
 

 As we view this record, the plaintiff neither pleaded nor proved any cause of action and defendants were entitled to a directed verdict.
 

 The Court of Appeals did not err in so holding and its judgment should be and hereby is affirmed.
 

 Ju,dgment affirmed.
 

 Zimmerman, Turner, Matthias and Hart, JJ., concur.