OPINION
Plaintiff-appellant, Thomas C. Combs, Sr., administrator of the estate of Thomas C. Combs, Jr. ("Combs"), appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Rick and Martha Baker, in a wrongful death action. We affirm the judgment of the trial court.
This case arises from an automobile accident that occurred in the late evening hours of March 14, 1998 at the intersection of Sycamore Street and Radabaugh Road in Madison Township, Butler County, Ohio. Combs and Jesse Barnett ("Barnett") were passengers in a car driven by William Brian Carr ("Carr"). Barnett was severely and permanently injured, and Combs and Carr were killed, when Carr lost control of the vehicle, causing an accident.
The scene of the accident can be best described as follows: Sycamore Street is an east-west paved roadway which dead-ends on its east end into Radabaugh Road in a "L" intersection. At the end of Sycamore Street is a "stop" sign. One turning right at the intersection (going southbound) drives onto a gravel private road, whereas one turning left at the intersection (going northbound) drives onto Radabaugh Road, a paved roadway. The speed limit is thirty-five m.p.h. Appellees reside at 3200 Radabaugh Road. In their front yard, next to their driveway, is a twenty-two thousand pound boulder, which before the accident was located fifteen feet from the roadway.
On the evening of March 14, 1998, Barnett, Combs, and Carr went to a wedding reception where they drank alcohol. Barnett and Carr had also been drinking alcohol prior to the reception, after they had left work. All three eventually left the reception together and were driving on eastbound Sycamore Street. The vehicle, driven by Carr, ran the stop sign at the end of Sycamore Street, went airborne, struck the boulder in appellees' front yard, and flipped over before landing and sliding to a final rest against a tree. The force of the collision caused the twenty-two thousand pound boulder to move fourteen inches. It was estimated that the vehicle was traveling at seventy-four m.p.h. as it was approaching the intersection. Carr and Combs were found dead at the scene. With the help of other people at the scene, Barnett was able to extricate himself from the car before it became engulfed in flames.
Barnett filed a personal injury lawsuit against appellees in the Butler County Court of Common Pleas. This court affirmed the decision of the Butler County Court of Common Pleas granting summary judgment in favor of appellees. Barnett v. Carr (Sept. 17, 2001), Butler App. No. CA2000-11-219, unreported.
In the case at bar, appellant filed a wrongful death action against appellees on March 10, 2000. In the complaint, appellant alleged that appellees negligently placed the boulder in their yard, proximately causing Combs' death. On November 7, 2000, appellees filed a motion for summary judgment. By decision filed December 28, 2000, the trial court granted appellees' motion. The trial court determined that Combs was a trespasser to whom appellees owed a duty to refrain from willful or wanton misconduct. The trial court found that appellees did not breach this duty, and that Combs' decision to ride with Carr after both had been consuming alcohol, rather than appellees' allegedly negligent placement of the boulder, caused Combs' death. Appellant filed this appeal and raises one assignment of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S [SIC] MOTION FOR SUMMARY JUDGMENT WHERE THERE WERE NUMEROUS GENUINE ISSUES OF MATERIAL FACT AND THE MOVING PARTY IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
It is well-established that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, show that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-687. This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445.
Under this assignment of error, appellant presents fifteen issues for our review, which will be addressed out of order. We first address appellant's fourth issue for review, in which he argues that there is a genuine issue of material fact as to whether Combs was a trespasser on appellees' property.
In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt LaundryCo. (1998), 81 Ohio St.3d 677, 680. In premise liability cases, Ohio adheres to the common law classifications of invitee, licensee, and trespasser. Gladon v. Greater Cleveland Reg. Transit Auth. (1996),75 Ohio St.3d 312, 315. These classifications define the scope of the legal duty a landowner owes to a person who enters upon the landowner's land. Shump v. First Continental-Robinwood Assoc. (1994),71 Ohio St.3d 414, 417.
Invitees are persons who rightfully enter upon the premises of another by invitation for some purpose which is beneficial to the landowner.Gladon at 315. A licensee is one who enters the landowner's premises with the landowner's permission or acquiescence for purposes beneficial to the licensee and not to the landowner. Provencher v. Ohio Dept. ofTransp. (1990), 49 Ohio St.3d 265, 266. A trespasser is one who enters onto property without invitation or permission, purely for his or her own purposes or convenience. McKinney v. Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244, 246. To an invitee, the landowner owes a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. Light v. Ohio Univ. (1986), 28 Ohio St.3d 66,68. To licensees and trespassers, on the other hand, a landowner owes no duty except to refrain from willful or wanton conduct which is likely to injure the licensee or trespasser. Gladon at 317.
We find that Combs falls under the classification of trespasser. As a passenger in a car that strayed from the roadway onto appellees' property, he was clearly not there by invitation, permission, or acquiescence of appellees. Appellant argues that "trespassing requires a voluntary entry," and that Combs was not a trespasser because he "was thrust involuntarily and without intent" onto appellees' land. Appellant provides no legal authority in support of this assertion. The Ohio Supreme Court has stated that, in determining whether a person is a trespasser, the question of whether entry was intentional, negligent, or purely accidental is not material, except as it may bear on the existence of a privilege. Gladon, 75 Ohio St.3d at 316. "The determining fact is the presence or absence of a privilege to enter or to remain on the land, and the status of an accidental trespasser is still that of a trespasser." Id., quoting Restatement of the Law 2d, Torts (1965) 172, Section 329, Comment c. The existence of a privilege to enter onto appellees' land is not an issue in this case. Therefore, because appellant has not set forth any specific facts to the contrary, Combs was a trespasser for the purposes of determining premises liability. Accordingly, appellant's fourth issue for review is overruled.
In appellant's thirteenth issue for review, appellant argues that there is a genuine issue of material fact as to whether, if Combs was not a trespasser, appellees breached their duty to him. Because we have determined that Combs was a trespasser as a matter of law, this issue for review is overruled.
In his twelfth issue for review, appellant argues that if Combs was an undiscovered trespasser, there is a genuine issue of material fact as to whether appellees breached their duty to refrain from willful or wanton misconduct. In his third issue for review, appellant argues that appellees' intent in placing the boulder in their yard and failing to remove it is a genuine issue of material fact. We will address these two issues for review together as they both relate to whether appellees breached their duty to Combs.
To an undiscovered trespasser such as Combs, a landowner owes no duty other than to refrain from injuring such a trespasser by willful or wanton misconduct. Sorrell v. Ohio Dept. of Natural Resources (1988),40 Ohio St.3d 141, 144. "Intruders who come without [the landowner's] permission have no right to demand that he provide them with a safe place to trespass, or that he protect them in their wrongful use of his property." Id.
Willful conduct "involves an intent, purpose or design to injure."McKinney, 31 Ohio St.3d at 246. It "implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." Peoples v. Willoughby (1990), 70 Ohio App.3d 848,851, quoting Tighe v. Diamond (1948), 149 Ohio St. 520. "Wanton conduct occurs when one fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result." McKinney at 246. "To constitute willful and wanton misconduct, an act must demonstrate a heedless indifference to or disregard for others in circumstances where the probability of harm is great and is known to the actor." Rinehart v. Fed. Natl. Mtge. Assn. (1993), 91 Ohio App.3d 222,229.
We find that appellant has not set forth specific facts showing that appellees had the intent, purpose, or design to injure Combs. Appellees' conduct of placing the boulder on their property was therefore not willful. See Todd v. Heil Windermere Storage Moving Co. (Aug. 25, 1994), Cuyahoga App. No. 66129, unreported. As we found in Barnett, there was also no evidence that appellees failed to exercise any care toward Combs since there was no indication that it was highly probable that harm would result to Combs in the manner in which it did, or that appellees knew of this probability. Barnett, Butler App. No. CA2000-11-219, unreported, at 18-19. Appellees' conduct was therefore not wanton. SeeTodd, Cuyahoga App. No. 66129, unreported. Thus, we find that appellant has not set forth specific facts showing that appellees breached their duty to refrain from willful or wanton misconduct. Accordingly, appellant's third and twelfth issues for review are overruled. Appellant's negligence claim consequently fails because appellant has not established the breach element, an essential element of the claim. SeeTexler, 81 Ohio St.3d at 680.
Appellant's first, second, sixth, tenth, and fourteenth issues for review respectively state that there is a genuine issue of material fact as to (1) the speed of the vehicle at the time of impact; (2) the "effect of the shape, size, weight, density curvature, coefficient of friction, center of gravity, placement, etc. [sic] of the boulder on the outcome of the vehicle's collision and ultimate resting place after the collision;" (3) what would have happened had the vehicle not struck the boulder; (4) the significance of the boulder to the accident; and (5) whether Combs knew Carr was intoxicated when he got into Carr's vehicle. All of these issues relate to the causation element of appellant's negligence claim. Because we have determined that appellees did not breach their duty of care to Combs, we need not consider these issues of causation. Appellant's negligence claim has already failed. Accordingly, appellant's first, second, sixth, tenth, and fourteenth issues for review are overruled.
In his fifth issue for review, appellant argues that there is a genuine issue of material fact as to whether the boulder constituted an open and obvious hazard. Under the open and obvious doctrine, if a danger is open and obvious, the landowner is relieved of the duty to protect a person from that danger. Simmers v. Bently Constr. Co. (1992), 64 Ohio St.3d 642,644. In this case, we have already determined that the only duty appellees owed an undiscovered trespasser such as Combs was the duty to refrain from willful and wanton misconduct. See Sorrell,40 Ohio St.3d at 144. We also determined that appellees did not breach this duty. Accordingly, whether the boulder was an open and obvious hazard such as to relieve appellees of their duty to Combs is not a genuine issue of material fact for trial. Appellant's fifth issue for review is overruled.
In appellant's seventh and ninth issues for review, appellant argues that genuine issues of material fact exist as to whether (1) the presence of the boulder was a foreseeably dangerous condition, and (2) whether the path of the vehicle was a foreseeable deviation from the ordinary course of travel. Though appellant does not make it extremely clear, these issues seem to relate to appellees' duty to Combs. The two cases cited by appellant are from Kansas and Illinois appellate courts and deal with the question of whether a duty existed at all. We have already determined that a duty to refrain from willful or wanton misconduct existed, and that appellees did not breach that duty to Combs. Accordingly, appellant's seventh and ninth issues for review are overruled.
In appellant's fifteenth issue for review, appellant merely states that appellees placed the boulder in their yard and failed to remove it, implying that appellees were negligent in doing so. It is undisputed that appellees placed the boulder in their yard and did not remove it. However, as we have determined, appellees did not breach their duty to refrain from willful or wanton misconduct. Appellant's negligence claim consequently fails. Accordingly, appellant's fifteenth issue for review is overruled.
In appellant's eighth and eleventh issues for review, appellant argues that there is a genuine issue of material fact as to whether the boulder was an "unreasonable hazard to users of the road" and a "serious hazard given its relationship to the roadway." Though appellant does not make it extremely clear and goes into no further detail, it appears that appellant is arguing that there is a genuine issue of material fact as to whether the boulder constituted a public nuisance.
A "public nuisance" is "an unreasonable interference with a right common to the general public." Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 712. In contrast, a "private nuisance" is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." Id. at 712. To recover damages under a claim of public nuisance, the plaintiff must establish, first, an interference with a public right and, second, that the plaintiff has suffered an injury distinct from that suffered by the public at large. Miller v. W.Carrollton (1993), 91 Ohio App.3d 291, 295-296.
A nuisance may further be classified as either an "absolute nuisance" or a "qualified nuisance." The distinction between these categories is not the right or injury asserted, but depends upon the conduct of the defendant. Hurier v. Gumm (Nov. 1, 1999), Clermont App. No. CA99-01-005, unreported, at 9.
"Absolute" nuisance is that to which strict liability will attach.Taylor v. Cincinnati (1944), 143 Ohio St. 426, paragraph two of the syllabus. An absolute nuisance consists of (1) a culpable and intentional act resulting in harm, (2) an act involving culpable and unlawful conduct causing unintentional harm, or (3) a nonculpable act resulting in accidental harm, for which, because of the hazards involved, absolute liability attaches notwithstanding the absence of fault. Metzger v. Pennsylvania, Ohio Detroit RR. Co. (1946),146 Ohio St. 406, paragraph one of the syllabus.
In contrast, a "qualified" nuisance is premised upon negligence. A qualified nuisance is a lawful act "so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another." Metzger, 146 Ohio St. at 406, paragraph two of the syllabus. Under such circumstances, the nuisance arises from a failure to exercise due care. Taylor, 143 Ohio St. at 436.
Appellant has not set forth specific facts showing that the boulder in appellees' yard constituted an absolute public nuisance. Appellant has presented no facts showing that appellees unlawfully placed the boulder in their yard or that its placement violated a statute. The placement of the boulder was therefore not a culpable and intentional act, nor an act involving culpable and unlawful conduct. See Barnett, Butler App. No. CA2000-11-219, unreported, at 29. Appellees' placement of the boulder in their yard was also not an unreasonably hazardous or inherently dangerous activity. As we found in Barnett, "we cannot say that the placement of a boulder on one's property off the roadway which does not interfere with the regularly traveled portion of the roadway is an inherently dangerous activity to which strict liability should apply." Id. at 29. Therefore, there is no genuine issue of material fact as to whether the boulder in appellees' yard constituted an absolute public nuisance.
Appellant has also not set forth specific facts showing that the boulder in appellees' yard constituted a qualified public nuisance. While a landowner may be liable for damages proximately caused by the maintenance of an unreasonably dangerous off-roadway condition that renders the usual and ordinary course of travel on the roadway unsafe, see Manufacturer's Natl. Bank of Detroit v. Erie Cty. Road Comm. (1992),63 Ohio St.3d 318, "[n]o precedent exists for imposing a duty on public or private landowners to remove an off-road hazard that renders only off-road travel unsafe, unless the off-road travel is shown to be an aspect of the usual and ordinary course of travel on the roadway."Barnett, Butler App. No. CA2000-11-219, unreported, at 27-28, quotingRamby v. Ping (Apr. 13, 1994), Greene App. No. 93-CA-52, 1994 Ohio App. LEXIS 1539, at *8, unreported. Appellant has not set forth specific facts showing that the boulder rendered the regularly traveled portion of either Sycamore Street or Radabaugh Road unsafe. Appellant also has not set forth any facts showing that appellees' tract of land was ordinarily and usually traveled by vehicular traffic. We therefore find that appellant has failed to raise a genuine issue of material fact as to whether appellees' conduct of placing the boulder on their property constituted a qualified public nuisance.
Thus, there is no genuine issue of material fact as to whether the boulder in appellees' yard constituted a qualified or absolute public nuisance. Appellant's eighth and eleventh issues for review are overruled.
Having addressed all fifteen of appellant's issues for review under his only assignment of error, we find that no genuine issues of material fact exist for trial. Appellant's assignment of error is overruled. The decision of the trial court granting summary judgment in favor of appellees is affirmed.
VALEN and WALSH, JJ., concur.