OPINION
{¶ 1} This is an appeal from decisions of the Licking County Court of Common Pleas which granted appellee's Motion for Summary Judgment and denied the Civ.R. 56 motion of appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts indicate that appellant, Benjamin Hupp and a friend, both minors, were invited to the home of Daniel and Cheryl Nelson on March 31, 2000, by Scott Cotterman.
 {¶ 3} Benjamin parked his truck in the driveway of such residence and, while Scott was talking on a phone, placed certain bottle rockets on top of the truck's cab. He subsequently lit one of rockets as did Scott.
 {¶ 4} While lighting a second rocket Scott burned his hand. In reaction to this, he caused the rocket to point at Benjamin who was a short distance away. The rocket was ignited and struck Benjamin in his left eye, causing severe injuries.
 {¶ 5} Initially, Scott's parents were included in the lawsuit based on negligent supervision, however, after their dismissal by the trial court's ruling on appellee's Summary Judgment motion, no appeal, as to such dismissal, is included in this appeal.
 {¶ 6} The trial court, on appellee's motion for reconsideration, changed it's prior ruling and sustained such motion.
 {¶ 7} The two Assignment of Error are:
 ASSIGNMENT OF ERROR I. {¶ 8} "The trial court erred in granting summary judgment in favor of appellee on appellant, Danny Hupp's claim for absolute private nuisance per s.e. where the evidence demonstrated that Scott Cotterman's act of discharging fireworks was unlawful and inherently dangerous or hazardous."
 II. {¶ 9} "The trial court erred, in overruling appellant's motion for summary judgment on appellant's claims for absolute private nuisance or nuisance per s.e. claim against appellee, Scott Cotterman."
 I. {¶ 10} This first Assignment of Error is based upon appellant's conclusion that the actions of Scott Cotterman constituted as absolute private nuisance or nuisance per se, thereby creating strict liability to the exclusion of any defenses which would otherwise be available.
 {¶ 11} It is important to note that appellant neither pled nor does he argue negligent conduct by Scott Cotterman.
 {¶ 12} We therefore, must examine the requirements and applicability of such theories of nuisance, as Judge Spahr did.
 {¶ 13} Civil Rule 56(C) states, in pertinent part:
 {¶ 14} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317.
 {¶ 16} We agree with appellant that our review is de novo without deference to the trial court's determination. Midwest Specialties v.Firestone Rubber Co. (1988), 42 Ohio App.3d 6, AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157.
 {¶ 17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 18} Such claim of private or nuisance per se in this case are based upon violation of R.C. § 3743.65 which provides:
 {¶ 19} "§ 3743.65 Restrictions on possession, sale and use; disabling fire suppression system.
 {¶ 20} "(A) No person shall possess fireworks in this state or shall possess for sale or sell fireworks in this state, except a licensed manufacturer of fireworks as authorized by sections 3743.02 to 3743.08 of the Revised Code, a licensed wholesaler of fireworks as authorized by sections 3743.15 to 3743.21 of the Revised Code, a shipping permit holder as authorized by section 3743.40 of the Revised Code, an out-of-state resident as authorized by section 3743.44 of the Revised Code, a resident of this state as authorized by section 3743.45 of the Revised Code, or a licensed exhibitor of fireworks as authorized by sections 3743.50 to3743.55 of the Revised Code, and except as provided in section 3743.80 of the Revised Code.
 {¶ 21} "(B) Except as provided in section 3743.80 of the Revised Code and except for licensed exhibitors of fireworks authorized to conduct a fireworks exhibition pursuant to sections 3743.50 to 3743.55 of the Revised Code, no person shall discharge, ignite, or explode any fireworks in this state.
 {¶ 22} "(C) No person shall use in a theater or public hall, what is technically known as fireworks showers, or a mixture containing potassium chlorate and sulphur.
 {¶ 23} "(D) No person shall sell fireworks of any kind to a person under eighteen years of age.
 {¶ 24} "(E) No person shall advertise 1.4G fireworks for sale. A sign located on a seller's premises identifying the seller as a seller of fireworks is not the advertising of fireworks for sale.
 {¶ 25} "(F) No person, other than a licensed manufacturer, licensed wholesaler, licensed exhibitor, or shipping permit holder, shall possess 1.3G fireworks in this state.
 {¶ 26} "(G) Except as otherwise provided in division (K) of section 3743.06 and division (L) of section 3743.19 of the Revised Code, no person shall knowingly disable a fire suppression system as defined in section 3781.108 [3781.10.8] of the Revised Code on the premises of a fireworks plant of a licensed manufacturer of fireworks or on the premises of the business operations of a licensed wholesaler of fireworks."
 {¶ 27} Judge Harsha, in Brown v. County Commissioners of SciotoCounty (1993), 87 Ohio App.3d 704 discussed the historical and legal aspects of nuisance, which review is repeated here in part:
 {¶ 28} "As stated by Professor Keeton in Prosser Keeton, The Law of Torts (5 Ed. 1984) 616, Section 86: "There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word `nuisance.'" Nuisance describes two separate fields of tort liability that through the accident of historical development are called by the same name. See Restatement of the Law 2d, Torts (1979) 84, Introductory Note. One of these two fields of liability bears the name of public nuisance and covers the invasion of public rights, i.e., rights common to all members of the public. Historically, public nuisance was criminal in nature and recovery in damages is limited to those who can show particular harm of a kind different from that suffered by the general public. Id.
 {¶ 29} "The other field of liability is called private nuisance. This tort covers the invasion of the private interest in the use and enjoyment of land. As such, plaintiff's action must always be founded upon her interest in the land. Id. However, numerous Ohio decisions do not appear to follow the Restatement limitation on restricting injury to property rights. See, e.g., Williamson v. Pavlovich (1989),45 Ohio St.3d 179, 181, 543 N.E.2d 1242, 1245; Cardington v. Fredericks
(1889), 46 Ohio St. 442, 446, 21 N.E. 766, 767; O'Neil v. Atwell (1991),73 Ohio App.3d 631, 635, 598 N.E.2d 110, 112; Blevins v. Sorrell (1990),68 Ohio App.3d 665, 669, 589 N.E.2d 438, 440.
 {¶ 30} "* * *
 {¶ 31} "Restatement of the Law 2d, Torts (1979) 100, Section 821D, defines private nuisance as a nontrespassory invasion of another's interest in the private use and enjoyment of land. Section 822 of Restatement of the Law 2d, Torts provides that in order to be actionable, the invasion must be either (a) intentional and unreasonable, or (b) unintentional and caused by negligent, reckless or abnormally dangerous conduct (negligent and reckless conduct carry with them a degree of unreasonableness; abnormally dangerous activity is not treated in the same *713 sense, but the balancing effort necessary to determine liability has the same effect). Id. at 113-115.
 {¶ 32} "A civil action based upon the maintenance of a qualified private nuisance is essentially an action in tort for the negligent maintenance of a condition, which, of itself, creates an unreasonable risk of harm, ultimately resulting in injury. Allen Freight lines, Inc.v. Consol. Rail Corp. (1992), 64 Ohio St.3d 274, 275, 595 N.E.2d 855,856. In such a case, negligence must be alleged and proven to warrant a recovery. Id. at 276, 595 N.E.2d at 856, citing Taylor v. Cincinnati
(1944), 143 Ohio St. 426, 441, 28 O.O. 369, 375, 55 N.E.2d 724,731.
 {¶ 33} "While the law in Ohio is far from clear in this area, absolute nuisance and nuisance per se seem to be the same. The essence of these two characterizations of nuisance is that no matter how careful one is, such activities are inherently injurious and cannot be conducted without damaging someone else's property or rights. See Metzger v.Pennsylvania, Ohio Detroit RR. Co. (1946), 146 Ohio St. 406, 32 O.O. 450, 66 N.E.2d 203, paragraph one of the syllabus; Curtis v. OhioState Univ. (1986), 29 Ohio App.3d 297, 301, 29 OBR 363, 366-367,504 N.E.2d 1222, 1226; Blair v. Ohio Dept. of Rehab. Corr. (1989),61 Ohio Misc.2d 649, 658, 582 N.E.2d 673, 678. They are based upon either intentional conduct or abnormally dangerous conditions, and as such the rule of absolute liability applies. Jennings Buick, Inc. v. Cincinnati
(1978), 56 Ohio St.2d 459, 465, 10 O.O.3d 545, 549, 384 N.E.2d 303, 307.
 {¶ 34} "Conversely, qualified nuisance is premised upon negligence. It consists of a lawful act that is so negligently or carelessly done as to have created an unreasonable risk of harm which in due course results in injury to another. Metzger, supra, at paragraph two of the syllabus; State ex rel. Schoener v. Hamilton Cty. Bd. of Commrs.
(1992), 84 Ohio App.3d 794, 619 N.E.2d 2."
 {¶ 35} Metzger v. Pennsylvania, Ohio Detroit R.R. Co. (1946),146 Ohio St. 406, referenced above, states:
 {¶ 36} "An "absolute nuisance", or "nuisance per se", consists of a culpable and intentional act resulting in harm, or an act involving culpable and unlawful conduct causing unintentional harm, or a nonculpable act resulting in accidental harm, for which because of hazards involved, absolute liability attaches notwithstanding absence of fault."
 {¶ 37} Since appellant places no reliance on negligent conduct as a premise for his claims, private or qualified nuisance, as opposed to nuisance per se, would not be applicable.
 {¶ 38} We then must separate the assertions of the first Assignment of Error and examine nuisance per se.
 {¶ 39} While we agree that the conduct of Scott Cotterman and appellant was in violation of R.C. § 3743.65, we must agree with Judge Spahr that, contrary to the Supreme Court's statements in Metzger, supra, the shooting of these fireworks can be done without injuring another if care is used and negligence is absent.
 {¶ 40} In addition, as to the statutory violation, the Supreme Court determined in Sikora v. Wenzel (2000), 88 Ohio St.3d 493:
 {¶ 41} "Violation of a statute imposed for public safety will not preclude assertion of defenses and excuses — or in other words, will not result in strict liability — unless the statute clearly contemplates such a result."
 {¶ 42} As R.C. § 3743.65 does not clearly contemplate strict liability, we must, again agree with Judge Spahr and deny the first Assignment of Error.
 II. {¶ 43} We shall address the second Assignment of Error as a jurisdictional problem as such is applicable to such Assignment.
 {¶ 44} Judge Spahr, in his Entry of May 10, 2002, denied appellant's motion for summary judgment as well as that of the appellee.
 {¶ 45} In his ruling of July 1, 2002 on appellee's motion for reconsideration, the trial court examined the question of law applicable to the inherently hazardous use of bottle rockets but neither re-examined nor changed the ruling of May 10, 2002 as to appellant's Civ.R. 56 motion.
 {¶ 46} The notice of appeal was filed by appellants on July 26, 2002.
 {¶ 47} Such notice concerned the granting of appellee's motion for summary judgment of July 1, 2002, rather than the denial of appellant's motion.
 {¶ 48} Therefore, three requirements are lacking relative to this second Assignment.
 {¶ 49} First, the denial of a motion for summary judgment does not, of itself, determine the action and prevent a judgment and therefore is not a final appealable order pursuant to R.C. § 2505.02.Celebrezze v. Netzley (1990), 51 Ohio St.3d 89.
 {¶ 50} Second, had it constituted an appealable order, no appeal was taken from the May 10, 2002 ruling. The motion for reconsideration which addressed only appellee's motion would not have extended the thirty day appeal time requirement of Appellate Rule 3.4.
 {¶ 51} Third, the notice of appeal addressed only the July 1, 2002 decision as to the trial court sustaining appellee's motion.
 {¶ 52} Therefore, the trial court's decision as to appellant's motion is not jurisdictionally before us in this appeal and is denied.
 {¶ 53} This cause is affirmed as to both Assignments of Error.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.
Topic: Absolute Private Nuisance.