BRACKETT et al., Appellees,

v.

MOLER RACEWAY PARK, L.L.C., et al., Appellants.

[Cite as *Brackett v. Moler Raceway Park, L.L.C.*, 195 Ohio App.3d 372, 2011-Ohio-4469.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA2010–07–014.

Decided Sept. 6, 2011.

Critchfield, Critchfield & Johnston, Ltd., John H. Schaeffer, J. Douglas Drushal, and Patrick E. Noser, for appellees.

Keating Muething & Klekamp, P.L.L., Joseph L. Trauth Jr., and Michael T. Cappel, for appellants.

PIPER, Judge.

{¶ 1} Defendant-appellant, Moler Raceway Park, L.L.C. ("Moler"), appeals the decision of the Brown County Court of Common Pleas regarding restrictions placed on the use of its property. We reverse the decision of the trial court and remand the case for further proceedings.

{¶ 2} Moler owns 40 acres of land in Sterling Township on which it operates a quarter-mile dirt track motor raceway. There are no zoning regulations in the township, and there are no noise ordinances. Once construction plans for the racetrack were announced, the Sterling Township Trustees considered whether or not to enact noise ordinances, but ultimately chose not to do so.

{¶ 3} Moler operates its racetrack for a limited number of race days each year, concentrated from late spring into the fall. The dirt track is wetted down before the races begin, and all cars must have a muffler in order to race. The track is also surrounded by trees to help with the noise and dust. The gates open around 4:30, and qualifying laps begin at 8:00 p.m. Racing is normally over by midnight, but some race nights have extended until 1:45 a.m.

{¶ 4} As adjoining landowners, plaintiffs brought suit claiming that the racetrack constituted a nuisance. They complained that the traffic is increased on race days and that spectators park near their property. Plaintiffs also objected to the noise levels and argued that their use and enjoyment of their property has diminished because of the racetrack. Plaintiffs also argue that family events and social occasions held outside are ruined by the noise, spectators, and general operation of the racetrack.

{¶ 5} The trial court held a hearing, at which 20 witnesses for the plaintiffs appeared (many of whom were the plaintiffs themselves), and 22 witnesses appeared for the defendants. The trial court issued findings of facts and conclusions of law, and then ordered several restrictions on the future operation of the racetrack. Moler now appeals that decision, raising the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} "The trial court erred in issuing injunctive relief while conceding that plaintiffs had not met their burden of proof."

{¶ 8} Assignment of Error No. 2:

{¶ 9} "The trial court erred by issuing restrictions that are against the manifest weight of the evidence."

{¶ 10} Assignment of Error No. 3:

{¶ 11} "The trial court abused its discretion by arbitrarily limiting racing to Friday nights."

{¶ 12} Assignment of Error No. 4:

{¶ 13} "The trial court erred by failing to set specific terms of its injunction in violation of rule 65 of the Ohio Rules of Civil Procedure."

{¶ 14} Moler's four assignments of error collectively challenge the trial court's decision regarding its findings, conclusions, and restrictions.

{¶ 15} Plaintiffs assert that the racetrack is a private nuisance. "Nuisance" is a term used to designate " 'the wrongful invasion of a legal right or interest.' " *Battelle Mem. Inst. v. Big Darby Creek Shooting Range,* 192 Ohio App.3d 287, 2011-Ohio-793, 948 N.E.2d 1019, ¶ 18, quoting *Barnett v. Carr ex rel. Estate of Carr* (Sept. 17, 2001), Butler App. No. CA2000–11–219, 2001 WL 1078980, at *10. A "private nuisance" is a nontrespassory invasion of another's interest in the private use and enjoyment of land. Id. at ¶ 19. In order for a private nuisance to be actionable, the invasion must be either (a) intentional and unreasonable or (b) unintentional but caused by negligent, reckless, or abnormally dangerous conduct. Id.

{¶ 16} An absolute nuisance, or nuisance per se, is that for which strict liability will attach. "Absolute nuisance, for which strict liability or liability without fault is imposed by law, may be defined as a distinct civil wrong arising or resulting from the invasion of a legally protected interest, and consisting of an unreasonable interference with the use and enjoyment of the property of another." *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 28 O.O. 369, 55 N.E.2d 724, paragraph two of the syllabus. "A qualified nuisance, or nuisance dependent on negligence, consists of an act lawfully but so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another." *Metzger v. Pennsylvania, Ohio & Detroit RR. Co.* (1946), 146 Ohio St. 406, 32 O.O. 450, 66 N.E.2d 203, paragraph two of the syllabus. Regardless of the label placed on a nuisance, a trial court retains broad discretion in fashioning the terms of an injunction. *Adkins v. Boetcher,* Ross App. No. 08CA3060, 2010-Ohio-554, 2010 WL 571987, ¶ 18.

{¶ 17} A court can abate a private nuisance that is already established. *Haas v. Sunset Ramblers Motorcycle Club, Inc.* (1999), 132 Ohio App.3d 875, 726 N.E.2d 612. A court can also enjoin an anticipatory nuisance. "A court may enjoin a nuisance that is either threatened or anticipated where it clearly appears that a nuisance will necessarily result from a contemplated act." *State ex rel. R.T.G., Inc. v. Ohio Dept. of Natural Resources* (Mar. 31, 1997), Franklin App. No. 96APE05–662, 1997 WL 142363, *6. " 'But the court must see plainly that the acts will constitute a nuisance before it will issue an injunction. The degree of proof required before a court will enjoin an anticipated nuisance must be convincing, and if the act or thing sought to be enjoined may or may not become a nuisance, depending on the use or manner of its operation, or other circumstances, equity will not interfere.' The degree of proof required before a court will enjoin an anticipated or threatened nuisance must be clear and convincing." *Gustafson v. Cotco Ents., Inc.* (1974), 42 Ohio App.2d 45, 47–48, 71 O.O.2d 264, 328 N.E.2d 409, quoting 41 Ohio Jurisprudence 2d (1960), 143, 144, Nuisances, Section 55.

{¶ 18} Civ.R. 65(D) provides, "every order granting an injunction * * * shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained * * * [.]" The Ohio Supreme Court has held that in order to comply with Civ.R. 65(D)'s requirements, an injunction must be sufficiently specific that " 'an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed.' " *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 60, 556 N.E.2d 157, quoting 11 Wright & Miller, Federal Practice & Procedure (1973) 536–537, Section 2955.

{¶ 19} As previously stated, a trial court has the discretion to issue injunctive relief when faced with a nuisance. More than mere error of judgment, an abuse of discretion requires that the court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181.

{¶ 20} While the law governing the case at bar is not novel, " '[t]here is perhaps no more impenetrable jungle in the entire law than that which surrounds the word "nuisance." ' " *Brown v. Scioto Cty. Commrs.* (1993), 87 Ohio App.3d 704, 712, 622 N.E.2d 1153, quoting Prosser & Keeton, the Law of Torts (5th Ed.1984) 616, Section 86. As an appellate court, especially when reviewing a case using an abuse-of-discretion standard, we rely on the trial court's written opinion to set forth its reasoning based on its findings of fact and legal application.

When the written opinion contains inconsistencies and insufficient articulation, we are unable to review the decision without interjecting our own judgment, or at least trying to articulate what the trial court was saying based on our collective speculation and conjecture. This is not the role of an appellate court when reviewing a trial court's decision for an abuse of discretion.

{¶ 21} The trial court's decision sets forth its findings of fact and then offers conclusions of law. However, in doing so, the trial court makes several inconsistent findings and offers little analysis regarding those findings. For example, the trial court first finds that the plaintiffs failed in their burden of proof regarding the noise level of the racetrack. The trial court also stated that plaintiffs failed to fulfill their burden of proof regarding dust levels and other issues of the track's operation. Despite these findings, the trial court goes on to list definitions of nuisance per se, and private and public nuisance, as well as the fact that the plaintiffs had the burden of proof by clear and convincing evidence.

{¶ 22} Without any more discussion or analysis, the trial court made findings that the racetrack is "not a nuisance per se, but could ripen into one if left completely unchecked" and that "the running of the racetrack past midnight would constitute a private nuisance." However, the trial court did not state how the racetrack could turn into an absolute nuisance, for which strict liability or liability without fault is imposed by law. To constitute a nuisance per se, there must be a distinct civil wrong arising or resulting from the invasion of a legally protected interest and consisting of an unreasonable interference with the use and enjoyment of the property of another. If the trial court believes that the racetrack in its current state fulfills this definition, the written opinion with support for that analysis (based the facts deduced at the hearing) must be so stated. However, as written, the trial court's decision fails to articulate what, if anything, the plaintiffs did prove.

{¶ 23} Regarding the lack of a specific finding of nuisance, it is possible that the trial court was attempting to establish a finding of an anticipatory nuisance. While a court may enjoin a nuisance that is either threatened or anticipated where it clearly appears that a nuisance will necessarily result from a contemplated act, the court must first see plainly that the acts will constitute a nuisance before it will issue an injunction. We remind the trial court that the degree of proof required before it can enjoin an anticipated nuisance must be clear and convincing, and the written opinion needs to articulate such determinations.

{¶ 24} Furthermore, the court issued several orders that restricted Moler in its operation of the racetrack, including the continued use of mufflers, a noise restriction to 75 decibels at 100 feet, lights and loudspeakers pointed toward the track, no racing past midnight, and a restriction against racing on any night except Friday. The orders contained no reference to the facts established at the

hearing and did not include necessary detail regarding the implementation of those orders. The trial court erred by issuing restrictions without first establishing a clear determination of the nuisance allegedly in existence and the reasons for finding that the various restrictions are necessary. However, if on remand the trial court does determine that a nuisance exists, it must comply with Civ.R. 65(D) when issuing restrictions via an injunction.

{¶ 25} In order to comply with Civ.R. 65(D), "[e]very order granting an injunction * * * shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained * * *[.]" For example, the trial court restricted the noise levels to 75 decibels at 100 feet, but did not state how it arrived at a 75–decibel limit or from what point the 100 feet would be measured. Is it from the center of the racetrack? Perhaps from the Moler property line? Once revisited, the trial court's decision must comply with Civ.R. 65(D) in order to apprise the parties of the necessary information to implement the judgment, as well as allow us to review the decision.

{¶ 26} Given the deference we are to afford the trial court, its written opinion takes on additional significance because through it, the trial court provides us with the information and reasoning it deemed integral when issuing its decision. When that analysis and necessary articulation are absent from the trial court's written opinion, it is impossible to review the decision without supplanting the trial court's judgment with our own. Because doing so is not permitted in an abuse-of-discretion review, we are forced to ask the trial court to clearly enumerate its reasoning and to clearly apply the applicable legal standards stated above before we can review its decision.

{¶ 27} We find that the trial court's decision failed to make a determination as to whether or not proof, to the degree required, established that a nuisance exists or is anticipated to exist. We therefore reverse the restrictions placed on Moler by the trial court. On remand, the trial court is to determine with clarity whether or not a nuisance exists or is anticipated to exist, what type it is, and what restrictions are proper pursuant to Civ.R. 65(D).

{¶ 28} The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

RINGLAND, P.J., and HUTZEL, J., concur.