[Cite as *State v. Bornhoeft*, 2014-Ohio-5494.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2014-04-055 |
| | : | O P I N I O N |
| - vs - | | 12/15/2014 |
| | : | |
| JEFFREY D. BORNHOEFT, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 00CR18743


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Kaufman & Florence, William Robert Kaufman, 144 East Mulberry, P.O. Box 280, Lebanon, Ohio 45036, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Jeffrey Bornhoeft, appeals from a Warren County Court of Common Pleas decision retaining jurisdiction after the court found that he was no longer mentally ill subject to hospitalization.

{¶ 2} On May 1, 2000, Bornhoeft was indicted and charged with (1) aggravated murder in violation of R.C. 2903.01(A) with specifications pursuant to R.C. 2945.145(A) and

2929.04(A)(7), (2) aggravated murder in violation of R.C. 2903.01(B) with specifications pursuant to R.C. 2945.145(A) and 2929.04(A)(7), and (3) aggravated burglary in violation of R.C. 2911.11(A)(2) with a specification pursuant to R.C. 2941.145(A). Following a jury trial, Bornhoeft was found not guilty by reason of insanity (NGRI).

{¶ 3} Bornhoeft was subsequently committed and placed at the Dayton Mental Health Center, followed by the Twin Valley Psychiatric System. On September 19, 2001, the court ordered that Bornhoeft be admitted to the Summit Behavioral Health Care Center.

{¶ 4} Bornhoeft was gradually afforded greater privileges. In 2004 he was permitted unsupervised, on-grounds movements at Summit. By 2007, he was granted unsupervised off-grounds travel for counseling. On October 22, 2009, Bornhoeft was granted conditional release, allowing him to live outside the hospital setting but under certain conditions. The court has subsequently allowed Bornhoeft greater freedom to travel to additional states.

{¶ 5} On March 26, 2014, a statutory hearing was held pursuant to R.C. 2945.401(C). At the hearing, a March 24, 2014 psychological evaluation report of Dr. King was admitted without objection. That report found that Bornhoeft was not a mentally ill person subject to hospitalization. Based upon the report, counsel for Bornhoeft asked if the court was finding Bornhoeft not mentally ill subject to hospitalization, to which the court responded affirmatively.

{¶ 6} Following the hearing, the trial court journalized an entry which read as follows:

> After considering the evidence and statements of the parties, the Court finds that Jeffrey Bornhoeft is not a mentally ill person subject to hospitalization, but he remains subject to the Court's jurisdiction as he represents a significant risk to the public.

{¶ 7} Bornhoeft now appeals that decision, raising a single assignment of error for review.

{¶ 8} Assignment of Error No. 1:

- 2 -

{¶ 9}   THE TRIAL COURT ERRED BY RETAINING JURISDICTION AFTER FINDING THE DEFENDANT WAS NOT A MENTALLY ILL PERSON SUBJECT TO HOSPITALIZATION.

{¶ 10}  Bornhoeft argues that "a court's jurisdiction over a NGRI defendant terminates when that person is no longer mentally ill subject to hospitalization."  Therefore, Bornhoeft asserts that the trial court could not retain jurisdiction after it made a finding that he was no longer mentally ill subject to hospitalization.

{¶ 11}  R.C. 2945.401(J)(1) sets forth the circumstances under which a court loses jurisdiction over an NGRI defendant.  Pursuant to R.C. 2945.401(J)(1),

> A defendant or person who has been committed pursuant to section 2945.39 or 2945.40 of the Revised Code continues to be under the jurisdiction of the trial court until the final termination of the commitment.  For purposes of division (J) of this section, the final termination of a commitment occurs upon the earlier of one of the following:
>
> (a)  The defendant or person no longer is a mentally ill person subject to hospitalization by court order * * * as determined by the trial court[.]

{¶ 12}  Accordingly, if a trial court finds a person is no longer mentally ill subject to hospitalization, then it cannot retain jurisdiction even if the court expressly states a desire to retain jurisdiction.

{¶ 13}  However, in its entry the trial court found that Bornhoeft was "not a mentally ill person subject to hospitalization," but also found that "he represents a significant risk to the public."  While "mentally ill person subject to hospitalization" is not defined in Chapter 29 of the Revised Code, we find guidance in Chapter 51's definition of the phrase.  Pursuant to R.C. 5122.01(B):

> "Mentally ill person subject to hospitalization by court order" means a mentally ill person who, because of the person's illness:
>
> * * *

(2) Represents a substantial risk of physical harm to others as manifested by * * * evidence of present dangerousness[.]

{¶ 14} Therefore, the trial court's entry contradictorily finds that Bornhoeft does not present a substantial risk of harm to others as manifested by evidence of present dangerousness, but also that he is a significant risk to the public.

{¶ 15} This court has previously held that, "[w]hen the written opinion contains inconsistencies and insufficient articulation, we are unable to review the decision without interjecting our own judgment, or at least trying to articulate what the trial court was saying based on our collective speculation and conjecture." *Bracket v. Moler Raceway Park, L.L.C.*, 195 Ohio App. 3d 372, 2011-Ohio-4469, ¶ 2 (12th Dist.). The legal principle applied to a written opinion in *Bracket* is equally applicable to an entry as in the present case. *State v. Jones*, 5th Dist. Stark No. 2005CA00062, 2005-Ohio-5822, ¶ 16 (remanding a judgment entry as "inconsistent at worse [sic] and ambiguous at best.").

{¶ 16} In light of the foregoing, we reverse the trial court's judgment and remand this matter for further proceedings. Upon remand, the trial court shall specifically enter a finding regarding whether Bornhoeft (1) does not present a substantial risk of harm to others as manifested by evidence of present dangerousness, or (2) is a significant risk to the public. The court shall make its determination based upon the record developed herein or upon such additional evidence as the trial court determines appropriate.

{¶ 17} Judgment reversed and remanded.


HENDRICKSON and PIPER, JJ., concur.