[Cite as *Conway v. Thermafab Alloy, Inc.*, 2013-Ohio-1539.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98091

---

# DANIEL P. CONWAY, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# THERMAFAB ALLOY, INC., ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-671132 and CV-671135

**BEFORE:** Kilbane, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEY FOR APPELLANTS**

Edward J. Heben
Heben & Associates, LLC
3740 Euclid Avenue
The Life Building, #200
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

**For Thermafab Alloy, Inc.**

Martin T. Galvin
Brian D. Sullivan
Reminger Co., L.P.A.
101 W. Prospect Avenue
Suite 1400
Cleveland, Ohio 44115

**For Search Masters, Inc.**

Timothy J. Fitzgerald
Mark A. Greer
Gallagher Sharp
6th Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

{¶1} Plaintiffs-appellants, Annette McCreary ("McCreary") and Daniel Conway ("Conway") (collectively referred to as "plaintiffs"), appeal from the judgment of the trial court that awarded summary judgment to defendants-appellees, Thermafab Alloy, Inc.; its owners, George Donnelly ("Donnelly") and Gilbert Sherman ("Sherman"); Combined Resources, Inc.;[1] Fab Resources, L.L.C.;[2] and Thermafab employees, Aaron Gavlak ("Gavlak") and Ross Maenza ("Maenza") (all collectively referred to as "Thermafab"); and Search Masters, and its employees, Zachary Wilhelm ("Wilhelm") and Thomas Launders ("Launders") (collectively referred to as "Search Masters"). Plaintiffs also appeal from the order that denied plaintiffs' motion for relief from those judgments. For the reasons set forth below, we affirm all of the challenged orders.

{¶2} The record indicates that in September 1996, McCreary was hired by Thermafab, a metal fabricating company. In 2004, Thermafab retained Conway's firm, Conway Group, Inc., as an independent contractor to perform accounting, tax, and financial services. He was subsequently designated the Chief Financial Officer and had a 7.5 percent ownership interest. By 2008, McCreary was working as Thermafab's Accounting and Human Resources Manager. Search Masters, an employee placement firm, provided temporary workers to Thermafab at all relevant times.

---

[1]This corporation administers Thermafab's payroll.

[2]This is a real estate holding company.

{¶3}   The record indicates that by July 2008, Thermafab employee Linda Savage ("Savage") observed that plaintiffs were engaged in frequent closed-door meetings, and Savage began to suspect that plaintiffs were completing work for Conway's private accounting company on Thermafab's time.   Savage reported her concerns to Sherman and Donnelly.   On July 24, 2008, Sherman and Donnelly met with Conway and informed him that his job was in jeopardy.   According to Conway, they "alluded to the fact that [there were rumors that] I was having an affair with McCreary, and they said I was hiding money, and they said I was mismanaging things."   He denied the accusations but Conway's and McCreary's employment relationship with Thermafab deteriorated.   On August 7, 2008, Thermafab terminated plaintiffs.   On that same date, Thermafab filed a motion for a temporary restraining order against Conway, alleging that he had made threats against the company.[3]

{¶4}   On September 19, 2008, Conway and McCreary filed separate actions against Thermafab and Search Masters.   The plaintiffs alleged that the defendants falsely and maliciously told plaintiffs' coworkers that plaintiffs were involved in an "improper relationship," had "embezzled" money from Thermafab, and were "subject to arrest and prosecution."   McCreary set forth claims against all of the defendants for defamation, false-light invasion of privacy, invasion of privacy, and intentional infliction of emotional distress. Conway set forth claims for defamation, false-light invasion of privacy, invasion

---

[3]The parties entered into a consent agreement, and Thermafab dismissed its action for a restraining order without prejudice on June 15, 2010.

of privacy, intentional infliction of emotional distress, conversion, and for an accounting against the Thermafab defendants. The matters were consolidated on May 15, 2009.

{¶5} The record reveals that discovery proceeded in a contentious manner, and plaintiffs filed numerous motions to compel in which they challenged the sufficiency of defendants' responses to their discovery requests.

Proceedings Involving Search Masters

{¶6} On November 13, 2009, Search Masters moved for summary judgment. Search Masters indicated that the claims of plaintiffs were premised upon a conversation involving McCreary's fiancé, Thomas Joseph ("Joseph"), and his friend, Launders, in which Launders reportedly told McCreary's fiancé that he had heard, through Wilhelm, that rumors were "going around" the shop that the plaintiffs were having an affair, and that they were fired for "embezzling and having an affair." Search Masters presented evidence that there were in fact such rumors, and that the remarks were not defamatory, a required element of the defamation claim for relief. Search Masters also presented evidence that the remarks were not communicated to the public at large, and were not "highly offensive," as required to establish the invasion of privacy and false-light invasion of privacy claims. Finally, Search Masters maintained that the statements were not beyond all possible bounds of public decency, as required to show intentional infliction of emotional distress.

{¶7} On November 18, 2009, plaintiffs filed a motion to compel Search Masters to respond to discovery, complaining that Search Masters had not responded to plaintiffs'

interrogatories, and had not fully responded to their requests for production of documents.

On November 20, 2009, plaintiffs filed a motion for a continuance pursuant to Civ.R. 56(F), again complaining about Search Masters' discovery responses. In support of this motion, both Conway and McCreary submitted affidavits in which they averred that because the responses were insufficient, plaintiffs were "unable to take depositions" and unable to respond to the motion for summary judgment filed by Search Masters.

{¶8} On December 18, 2009, the trial court denied plaintiffs' motion to compel Search Masters to respond to discovery. By June 3, 2010, plaintiffs still had not filed a brief in opposition to Search Masters' motion for summary judgment and the trial court granted the motion.

Proceedings Involving Thermafab

{¶9} On November 20, 2009, the Thermafab defendants notified the trial court that "all requested discovery has been now provided * * *." On December 9, 2009, however, plaintiffs filed a motion for sanctions against Thermafab in which they complained that Thermafab's responses to interrogatories and a request for production of documents were "partial, incomplete, and inadequate." On December 12, 2009, the trial court ordered the parties to complete discovery by March 1, 2010, and ordered that dispositive motions had to be filed no later than April 1, 2010.

{¶10} On December 18, 2009, the trial court denied plaintiffs' motion for sanctions against Thermafab. On that same date, however, the trial court granted plaintiffs' motion to file an amended complaint. The amended complaints included the

original claims against all of the defendants, but added as new party defendants additional Thermafab employees Gavlak and Maenza. In addition, Conway set forth additional claims for breach of contract and breach of fiduciary duties against the Thermafab defendants. The amended complaint contained no additional allegations against Search Masters or any of the individual defendants of Search Masters.

{¶11} On December 29, 2009, the court held an attorney conference and then noted in the court's journal:

> Discovery concerns addressed. Defendant Thermafab will provide all corporate tax returns from 2003 to present. New litigation schedule set. Fact discovery deadline 3/1/10. Dispositive motion deadline 4/1/10.

{¶12} The trial court later granted Thermafab until April 16, 2010, to file a dispositive motion. On that date, Thermafab moved for summary judgment on the defamation, invasion of privacy, and intentional infliction of emotional distress claims. Thermafab provided affidavits from each of the individual defendants, all of whom denied making defamatory statements about Conway and McCreary. Donnelly and Sherman further averred that plaintiffs were terminated following an investigation that revealed both plaintiffs had received unauthorized raises and that Thermafab handled the terminations discreetly, discussing the terminations only with essential personnel.

{¶13} Thermafab argued that plaintiffs could not establish their defamation claim because there was no publication of a defamatory statement, and the defendants had acted within their qualified privilege. Thermafab additionally argued that the invasion of privacy claims were without merit as a matter of law, because there was no intentional

publication of an offensive matter, and that plaintiffs' claim for intentional infliction of emotional distress could not be maintained because there was no outrageous, intolerable conduct, and plaintiffs had not suffered   severe or debilitating distress.

{¶14} On April 30, 2010, plaintiffs filed a motion for an extension of time to respond to Thermafab's motion for summary judgment, stating that "pursuant to the Local Rules is due on May 17, 2010," and that counsel for plaintiffs was scheduled to have surgery.  Plaintiffs requested "a thirty (30) day extension of time until June 17, 2010 to respond" to the motion for summary judgment.

{¶15} On June 2, 2010, plaintiffs filed a motion to compel the Thermafab defendants to "fully and adequately respond to * * * plaintiffs' first request for production of documents, and for an extension of case management dates pursuant to Civ.R. 56(F) to undertake the depositions of those persons who have submitted affidavits in support of [Thermafab's motion] for summary judgment."

{¶16} On June 10, 2010, the trial court held a pretrial in the matter and granted plaintiffs until July 2, 2010, to submit their brief in opposition to Thermafab's motion for summary judgment.  This order additionally states: "No further extensions will be granted on any date."

{¶17} On June 21, 2010, the trial court granted plaintiffs' April 30, 2010 motion for an extension of time to respond to summary judgment, i.e., plaintiffs' motion requesting until June 17, 2010 to respond.  The court also ordered that plaintiffs' motion to compel the Thermafab defendants to "fully and adequately respond" to discovery was

held in abeyance, and that plaintiffs must "more accurately describe the documents sought." The court further ordered:

> [The Thermafab defendants] must provide documents including emails or other electronic data reflecting information as to the firing of plaintiffs and/or alleged misconduct of plaintiffs justifying the firing and financial data sought for the accounting [cause of] action.

{¶18} On July 6, 2010, plaintiffs filed a list describing 41 items that they were seeking from Thermafab. It is undisputed that on August 12, 2010, Thermafab provided some discovery to plaintiffs.

{¶19} By August 20, 2010, plaintiffs still had not filed a brief in opposition to Thermafab's motion for summary judgment. Thereafter, in an order journalized on August 20, 2010, the trial court held: "Defendant's motion for summary judgment is unopposed and granted."

{¶20} On August 25, 2010, plaintiffs filed a motion for reconsideration, again claiming that defendants had not fully complied with discovery and did not provide the plaintiffs' personnel files and email. Plaintiffs' counsel also claimed that in a discussion with the trial court's judicial attorney on July 8, 2010, he was informed that plaintiffs' brief in opposition to the motion for summary judgment was not due until the discovery issues were resolved. On September 16, 2010, the trial court issued an order deeming the award of summary judgment a final appealable order and dismissing the case with prejudice.

{¶21} On September 17, 2010, plaintiffs filed a notice of appeal to this court designated *Conway v. Thermafab Alloy*, 8th Dist. No. 95731. On that same date,

plaintiffs also filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) in the trial court.  On September 29, 2010, this court issued a limited remand of the case back to the trial court and ordered:

> Motion by appellants for remand is granted for the limited purpose of reviewing a Civ.R. 60(B) motion.  Case returnable to the Court of Appeals on or before October 13, 2010.

{¶22}  On October 13, 2010, this court issued a further order which stated:  "This appeal is remanded to the trial court pursuant to [the prior order] until October 29, 2010."

{¶23} On October 18, 2010, the trial court held a hearing on plaintiffs' motion for relief from judgment.  At this time, counsel for plaintiffs complained that he believed that he was not required to file his brief in opposition to the Thermafab motion for summary judgment until all discovery disputes were resolved.  Plaintiffs presented no witnesses at this hearing.  On October 21, 2010, the trial court denied plaintiffs' motion for relief from judgment, the court stated in relevant part:

> The final pretrial conference of June 2, 2010 saw the continuation of allegations from [plaintiffs' counsel] that defense counsel failed to provide discovery.  Defendants' counsel denied these allegations, and specific documents were discussed and the Court did not rule on [plaintiffs' counsel's] accusations as the time for response had not expired and defense counsel wished to respond.  Defense counsel also agreed to work with [plaintiffs' counsel] and asked for the specific documents to be itemized to avoid further disagreement.  The Court suggested a time frame for plaintiffs' response to the summary judgment motion and [plaintiffs' counsel] asked for more time to which this Court agreed.  All parties present understood the deadline would be July 2, 2010 without further extensions * * *.

> * * * [At the Civ.R. 60(B) hearing,] Plaintiffs failed to produce any witnesses to offer testimony to the Court, nor allow cross-examination by defendants.  * * *  Notably, even [plaintiff] Conway instructed

[plaintiffs' counsel] to file a substantive answer to the summary judgment motion.

This evidence does little to convince this Court that plaintiffs are entitled to relief under Civ.R. 60(B) * * *. In fact, it shows a complete disregard for the judicial system and his deliberate attempt to manipulate the proceedings.

**{¶24}** On November 9, 2010, plaintiffs appealed to this court. This court determined, however, that since Thermafab's motion for summary judgment did not address the claims for conversion, breach of contract, and breach of fiduciary duties, there was no final appealable order, and the matter was returned to the trial court for further proceedings on these claims. *Conway v. Thermafab Alloy*, 8th Dist. No. 95990 (May 11, 2011).

**{¶25}** On November 21, 2011, the Thermafab defendants moved for summary judgment on the remaining claims. Thermafab presented evidence that it did not withhold any of Conway's property, so the conversion claim must fail. Thermafab also presented evidence that the corporate entities had no value, so the claim for an accounting must also fail. Finally, Thermafab presented evidence that the claims for breach of contract and breach of fiduciary duties were without merit because Conway was essentially an at-will employee with no written employment contract, and he admitted financial improprieties so he could not establish damages.

**{¶26}** Rather than responding to Thermafab's motion for summary judgment on the remaining claims for relief, plaintiffs again filed a motion for a discovery continuance pursuant to Civ.R. 56(F) on December 22, 2011.

{¶27} By February 10, 2012, plaintiffs still had not filed a brief in opposition to Thermafab's motion for summary judgment on the remaining claims, the trial court denied plaintiffs' request for a continuance pursuant to Civ.R. 56(F), and granted Thermafab's motion for summary judgment. Plaintiffs now appeal, and assign five errors for our review.

{¶28} Plaintiffs' first, second, third, and fifth assignments of error are interrelated and state:

> The trial court committed reversible error when it granted the Thermafab Appellees' * * * motion for summary judgment as unopposed on August 20, 2010.

> The trial court committed reversible error when it granted the Thermafab Appellees' * * * second motion for summary judgment on February 13, 2012.

> The trial court committed reversible error when it granted the Thermafab Appellees' * * * motions for summary judgment on August 20, 2010 and on February 13, 2012 prior to the Appellants receiving necessary requested discovery.

> The trial court committed reversible error when it granted the Search Masters Appellees' motion for summary judgment.

Summary Judgment

{¶29} A reviewing court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093 (8th Dist.). Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and

resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

**{¶30}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶31}** Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639. However, the fact that no response was filed should not automatically lead to the granting of the motion for summary judgment. *CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 327, ¶ 14 (8th Dist.), citing *Rose v. Natl. Mut. Ins. Co.*, 134 Ohio App.3d 229, 730 N.E.2d 1014 (7th Dist.1999).

**{¶32}** Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County, General Division, gives a party 30 days within which to file a motion opposing summary judgment and provides that the trial court may decide the motion on briefs unless otherwise stated by the trial court.

**{¶33}** Pursuant to Civ.R. 56(F), a trial court may, within its discretion, refuse the

application for summary judgment, order a continuance to permit affidavits to be obtained in opposition to the motion for summary judgment, grant a continuance for further discovery, or it may make such other order as is just. *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 392 N.E.2d 1316 (8th Dist.1978).

Search Masters' Motion for Summary Judgment

**{¶34}** Plaintiffs argue that the trial court erred in awarding Search Masters summary judgment because plaintiffs, with leave of court, filed an amended complaint after Search Masters' motion for summary judgment was filed. We note, however, that:

> The Civil Rules do not provide that a pending motion for summary judgment is rendered void by the filing of an amended complaint. There is no affirmative duty upon the moving party to renew its motion for summary judgment as Singer contends, at least in the absence of any amendment to the complaint that would affect the issues raised in the motion for summary judgment.

*Singer v. Fairborn*, 73 Ohio App.3d 809, 813, 598 N.E.2d 806 (2d Dist.1991). *Accord R&R Plastics, Inc. v. F.E. Myers Co.*, 92 Ohio App.3d 789, 808, 637 N.E.2d 332 (6th Dist.1993).

**{¶35}** Plaintiffs next argue that the materials submitted in support of their motion for a continuance pursuant to Civ.R. 56(F) were sufficient to create a genuine issue of material fact. The record clearly indicates that plaintiffs did not file a brief in opposition to Search Masters' motion for summary judgment, and the trial court was not required to cull the affidavits from the record and consider them in opposition to Search Masters' motion for summary judgment. *Blount v. Schindler Elevator Corp.*, 10th Dist. No. 02AP-688, 2003-Ohio-2053. The *Blount* Court explained:

Particularly in cases that include multiple parties and generate voluminous records, a trial court cannot be expected to search through the record to find some evidence that allegedly supports the existence of a material issue of fact. Rather, the burden is on the party opposing summary judgment to set forth specific facts showing that there is a genuine issue for trial. A trial court is under no obligation to search the record for potentially relevant evidence[.]

{¶36} In any event, the affidavits that plaintiffs presented in support of their motion for a continuance under Civ.R. 56(F), insofar as they pertain to Search Masters' defendants, contain impermissible hearsay within hearsay. They are, therefore, improper under Evid.R. 805. *Accord Holman v. Grandview Hosp. & Med. Ctr.,* 37 Ohio App.3d 151, 157, 524 N.E.2d 903 (2d Dist.1987). That is, the affidavit of McCreary's fiancé, Joseph, indicated that Launders informed him that Wilhelm had made such statements, and plaintiffs were relying upon the out-of-court declarants' (Launders and Wilhelm) alleged statements for the truth of the matter asserted.

{¶37} Plaintiffs' remaining averments pertained to the Thermafab employees, who maintained that they had learned of plaintiffs' alleged affair and embezzlement from other Thermafab employees. As such, they do not create a genuine issue of material fact as to the Search Masters' defendants.

{¶38} Moreover, the allegations contained in the Civ.R. 56(F) affidavits are not sufficient to create a genuine issue of material fact for trial because they touch only upon

the statements and do not address the remaining elements of a cause of action for defamation,[4] invasion of privacy,[5] false-light invasion of privacy[6] and intentional infliction of emotional distress.[7]

**{¶39}** In accordance with the foregoing, Search Masters was properly awarded summary judgment on these claims for relief.

---

[4]The elements of a claim for defamation are (1) a false and defamatory statement concerning another, (2) publication of that statement to a third-party, (3) injury to the plaintiff, and (4) fault on the part of the defendant. *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489. A communication made in good faith on a matter of common interest between an employer and an employee, or between two employees concerning a third employee, is protected by qualified privilege. *Davis v. Cleveland*, 8th Dist. No. 83665, 2004-Ohio-6621, ¶ 43.

[5] The elements of this tort are: (1) disclosure of a public nature; (2) concerning the private life of an individual; (3) of a matter which would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) done intentionally, not negligently; (5) and that is not of a legitimate concern to the public. *Scroggins v. Bill Furst Florist & Greenhouse Inc.*, 2d Dist. No. 19519, 2004-Ohio-79.

[6]Under the tort of false-light invasion of privacy, one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if (1) the false light in which the other was placed would be highly offensive to a reasonable person, and (2) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051, syllabus.

[7]The elements of this tort are: (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it. *Phung v. Waste Mgmt., Inc.*, 71 Ohio St.3d 408, 410, 1994-Ohio-389, 644 N.E.2d 286.

**{¶40}** The fifth assignment of error is therefore without merit.

Thermafab's Motion for Summary Judgment

**{¶41}** Plaintiffs next maintain that the trial court erred in rendering the August 20, 2010 award of summary judgment to the Thermafab defendants because plaintiffs maintain they presented affidavits that established the defendants made defamatory statements that plaintiffs had embezzled, were involved in an improper relationship, and were going to be arrested. Plaintiffs additionally maintain that defendant Sherman's statement that there "will be no investigation" defeats Thermafab's claim of privilege herein. Plaintiffs also argue that the trial court erred by awarding summary judgment to Thermafab on August 20, 2010, because on June 22, 2010, it ordered that "Plaintiffs' motion for an extension of time to respond to motion for summary judgment is granted." Finally, plaintiffs argue that the trial court erred in awarding Thermafab summary judgment on its remaining claims on February 13, 2012.

**{¶42}** Beginning with the issue of whether the trial court erred in awarding Thermafab partial summary judgment on August 20, 2010, we note that Thermafab presented evidence to defeat plaintiffs' claims for defamation, invasion of privacy, false-light invasion of privacy, and intentional infliction of emotional distress. Plaintiffs at no point in the litigation filed a brief in opposition to Thermafab's motion for summary judgment.

**{¶43}** Plaintiffs insist, however, that they did, at various times in this matter, file affidavits from current and former Thermafab employees, so the trial court should have

denied Thermafab's motion for summary judgment on the basis of these affidavits. Given the failure of plaintiffs to file a brief in opposition to Thermafab's motion for summary judgment, the trial court was not required to search the entire record for affidavits that could potentially create a genuine issue of material fact. *Blount*, 10th Dist. No. 02AP-688, 2003-Ohio-2053, ¶ 40.

{¶44} That being said, we conclude that even if the court did compile these affidavits and deem them to be plaintiffs' response to Thermafab's motion for summary judgment, these materials simply indicate that certain Thermafab employees said that plaintiffs were involved in an improper relationship and embezzled funds, and that defendant Sherman did not believe that it was necessary to conduct a further investigation into the matter. As such, these affidavits do not address all of the essential elements of their claims for relief and are, therefore, insufficient to create genuine issues of material fact to bar summary judgment. That is, plaintiffs presented no evidence to indicate that the statements were made without good faith, or to otherwise defeat Thermafab's claim of qualified privilege to the defamation claim. Plaintiffs presented no evidence to indicate that the statements were intentionally made to the public at large, or to otherwise create a genuine issue of material fact on the invasion of privacy claim. Plaintiffs presented no evidence to indicate that the speaker had knowledge of or acted in reckless disregard as to the falsity of a publicized matter, or to otherwise create a genuine issue of material fact on the false-light invasion of privacy claim. In addition, plaintiffs presented no evidence that they suffered severe emotional distress as a result of the statements, or to establish

damages, as required to create a genuine issue of material fact on the intentional infliction of emotional distress claim.

**{¶45}** Plaintiffs also argue that the trial court erred by awarding summary judgment to Thermafab on August 20, 2010, because on June 22, 2010, it ordered that "Plaintiffs' motion for an extension of time to respond to motion for summary judgment is granted." We note, however, that the June 22, 2010 order did not grant plaintiffs an open-ended continuance. Rather, the docket clearly indicates that this order pertained to plaintiffs' April 30, 2010 request that they be given until June 17, 2010, to file their brief in opposition. The record also clearly indicates that on June 10, 2010, the trial court informed the parties that plaintiffs had until July 2, 2010, to submit their brief in opposition to Thermafab's motion for summary judgment, and that "No further extensions will be granted on any date."

**{¶46}** As of the date of the trial court's ruling on Thermafab's motion for summary judgment, the case had been pending for 23 months and the motion had been pending for 126 days. Under Loc.R. 11(I), plaintiffs were to respond to the motion within 30 days, and they made no attempt to do so. Plaintiffs failed to file a brief in opposition to this motion for summary judgment, and plaintiffs failed to demonstrate the existence of a single genuine issue of fact for trial.

**{¶47}** The first and third assignments of error are without merit.

**{¶48}** Finally, with regard to the trial court's order awarding summary judgment to Thermafab on the claims for claims for conversion, an accounting, breach of contract, and

breach of fiduciary duties, we observe that after this court returned the case to the trial court for disposition of these claims in *Conway*, 8th Dist. No. 95990, Thermafab submitted evidentiary materials that established it was entitled to judgment as a matter of law on these remaining claims. Plaintiffs filed no brief in opposition to this motion for summary judgment, however. Instead, they once again employed their apparent strategy of seeking another discovery continuance, even though the trial court had already advised the parties in its October 21, 2010 opinion that, "any further Court action would be held in abeyance as to whether or not defendants would be compelled to provide specific information not disclosed," and had also concluded that plaintiffs had shown "a complete disregard for the judicial system and * * * deliberate attempt to manipulate the proceedings."

**{¶49}** The second assignment of error is therefore without merit.

**{¶50}** Plaintiffs' first, second, third, and fifth assignments of error are overruled.

**{¶51}** For their fourth assignment of error, plaintiffs state:

The trial court committed reversible error when it denied the Appellants' Civ.R. 60(B)motion for relief from judgment.

**{¶52}** A motion for relief from judgment under Civ.R. 60(B) must be directed to a "final order." Civ.R. 60(B). Interlocutory orders are non-final orders that are not subject to appeal. *Bodo v. Nationwide Ins. Co.*, 75 Ohio App.3d 499, 504-505, 599 N.E.2d 844 (11th Dist.1991); *Lee v. Joseph Horne Co., Inc.*, 99 Ohio App.3d 319, 323, 650 N.E.2d 530 (8th Dist.1995).

**{¶53}** In this matter, plaintiffs filed the motion for relief from the trial court's August 20, 2010 judgment that granted Thermafab summary judgment only as to the defamation, invasion of privacy, false-light invasion of privacy, and intentional infliction of emotional distress. As such, and as noted in *Conway*, 8th Dist. No. 95990, this order was not a final and appealable order because there were unresolved claims for relief. Accordingly, plaintiffs' motion for relief pursuant to Civ.R. 60(B) was not directed toward a final order so it was not well taken. In any event, after this court remanded the appeal in *Conway*, 8th Dist. No. 95731, for a hearing on this motion, plaintiffs presented no witnesses at the hearing held on October 18, 2010. The trial court noted:

> [O]nly oral argument with reference to affidavits [was] presented. Plaintiffs failed to produce any witnesses to offer testimony to the Court, nor allow cross-examination by defendants. * * * Notably, even Mr. Conway instructed [his counsel] to file a substantive answer to the summary judgment motion.

**{¶54}** The fourth assignment of error is without merit.

**{¶55}** In accordance with the foregoing, the June 3, 2010 order of the trial court that awarded Search Masters summary judgment is affirmed. The August 20, 2010 order of the trial court that awarded summary judgment to Thermafab on the first four claims for relief is affirmed. The February 13, 2012 order of the trial court that awarded summary judgment to Thermafab on its remaining claims for relief is affirmed. The October 21, 2010 order that denied plaintiffs' motion for relief from judgment is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR