[Cite as *Krlich v. Clemente*, 2017-Ohio-7945.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GARRICK G. KRLICH, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2015-T-0089** |
| JOHN J. CLEMENTE, JR., et al., | : | |
| Defendants, | : | |
| TYLER MILLER, et al., | : | |
| Defendants-Appellees, | : | |
| GRANGE MUTUAL CASUALTY COMPANY, | : | |
| | : | |
| Intervenor. | | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2013 CV 01837.

Judgment: Affirmed.


*Robert A. Henkin*, Henkin, Tatman & Henkin Attorneys at Law, 6 Central Square, Suite 905, Youngstown, OH 44503; and *Scott C. Essad*, 721 Boardman-Poland Road, Suite 201, Youngstown, OH 44512 (For Plaintiffs-Appellants).

*James R. Wise*, P.O. Box 3388, Boardman, OH 44513 (For Defendants-Appellees).


TIMOTHY P. CANNON, J.

{¶1} Appellants, Garrick G. Krlich and Lucinda Krlich, appeal from the July 17, 2015 judgment of the Trumbull County Court of Common Pleas, granting the motion for

summary judgment filed by appellees, Tyler Miller, Lauren Miller, Bruce Miller, and Nick Bruce.  For the following reasons, the trial court's judgment is affirmed.

{¶2}    On September 6, 2013, appellants filed a complaint against appellees and 36 other defendants.  Appellants alleged the defendants made harassing telephone calls to them, made threats of physical harm directly and through electronic messaging, and defamed their reputation through slanderous remarks and libelous comments.  Appellants also alleged the defendants engaged in car horn honking near appellants' home at all hours of the day and night, drove on their lawn, paint-balled the side of their home, and strewed trash over their front lawn.  The complaint did not specify which defendants had engaged in what conduct, but referred generally to all defendants as engaging in the alleged harassment.  Appellants alleged the harassment had compromised the value of their real estate for sale or rental; caused them to lose income; caused appellants to suffer sleep deprivation, anxiety, and extreme emotional distress; and required them to seek medical intervention, prescription medication, and counseling.  Appellants alleged three causes of action in their complaint: Count One, intentional infliction of emotional distress; Count Two, trespass; and Count Three, nuisance.  Appellants requested compensatory and punitive damages, each in the amount of $25,000.00, and that the defendants be ordered to cease the alleged harassment.

{¶3}    The above-named four appellees are the only defendants party to this appeal.  Appellee Nick Bruce filed an answer and counterclaim on October 13, 2013.  He raised the statute of limitations as an affirmative defense.  Appellees Tyler Miller,

2

Lauren Miller, and Bruce Miller filed their answer and counterclaim on October 24, 2013, also alleging the statute of limitations as one of their affirmative defenses.

{¶4} During the course of the proceedings, numerous other defendants filed motions for summary judgment pursuant to Civ.R. 56. Appellees filed their joint motion for summary judgment on April 6, 2015. They referenced Garrick Krlich's deposition testimony in support of their motion. Appellees maintained they were entitled to summary judgment because any alleged acts that occurred prior to September 6, 2009, were barred by the statute of limitations. Appellees further maintained appellants could not sustain their burden of proof for any of the claims against appellees: there was no evidence to support that appellees' alleged actions caused appellants to lose income or compromised the value of their property, and, with regard to their claim for intentional infliction of emotional distress, appellants failed to provide any evidence of emotional distress or outrageous conduct. Appellees also maintained appellants failed to establish the dates and times of the alleged horn honking incidents.

{¶5} On April 20, 2015, appellants filed a motion for leave to respond to appellees' motion for summary judgment. The trial court granted an extension until May 21, 2015, for appellants to respond to all defendants' motions for summary judgment. Appellants did not file a response to appellees' motion for summary judgment.

{¶6} On May 21, 2015, appellants filed a notice of voluntary dismissal pursuant to Civ.R. 41(A) with regard to many of the defendants. Appellants dismissed their complaint against all defendants except appellees herein and Gregory Mezzara, Edward F. Palestro III, and Matthew P. Shelton.

3

{¶7} On June 18, 2015, in two separate judgment entries, the trial court granted Mr. Mezzara's and Mr. Palestro's motions for summary judgment, dismissing the case as to those two defendants. Both judgments contained Civ.R. 54(B) language.

{¶8} On July 17, 2015, the trial court granted appellees' motion for summary judgment and dismissed the case as to appellees. The trial court found appellees met their burden of demonstrating there was no genuine issue of material fact as to all claims alleged in the complaint. The trial court noted the statute of limitations for all torts alleged in appellants' complaint was four years, pursuant to R.C. 2305.09, so any events that occurred prior to September 6, 2009, were outside the statute of limitations. The trial court further found the following: honking a car horn is not extreme and outrageous conduct that goes beyond all possible bounds of decency; appellants failed to produce any Civ.R. 56 evidence to establish they suffered serious emotional distress; appellants' complaint did not specifically identify which defendants trespassed upon their land, and they failed to produce any Civ.R. 56 evidence to establish trespass; appellants failed to present any Civ.R. 56 evidence, with regard to their nuisance claim, to establish whether the invasion was intentional or unintentional and whether there was a real, material, and substantial injury. The judgment entry contained Civ.R. 54(B) language, stating: "This is a final appealable order and there is no just cause for delay."

{¶9} On August 17, 2015, appellants filed a notice of appeal from the trial court's two separate judgments of June 18, 2015, and its July 17, 2015 judgment. Appellants asserted, in their notice of appeal, that neither of the June 18, 2015 judgments was final when issued.

4

{¶10} Appellants filed an appellate brief on December 17, 2015. Appellees filed a responsive brief on January 25, 2016. Mr. Palestro filed a responsive brief on January 26, 2016.

{¶11} On January 27, 2016, Mr. Mezzara filed a motion to dismiss on the basis that appellants' appeal from the June 18, 2015 entry granting summary judgment in his favor was not timely filed. On February 18, 2016, this court granted Mr. Mezzara's motion to dismiss due to this court's lack of jurisdiction to review the June 18, 2015 judgment in his favor for failure to file a timely appeal. For the same reason, this court also dismissed the appeal as to the June 18, 2015 judgment granting summary judgment in favor of Mr. Palestro. The February 18, 2016 entry of this court stated the appeal will proceed solely with regard to the July 17, 2015 judgment entry. We therefore will not consider Mr. Palestro's brief or appellants' arguments as they pertain to the June 18, 2015 judgment entries.

{¶12} Additionally, there are no assignments of error, arguments, or citations to authority in appellants' brief pertaining to the trial court granting summary judgment in favor of appellees on appellants' trespass claim. Thus, we need not address the trial court's granting of summary judgment as it pertains to the trespass claim. *See* App.R. 16(A)(3) & (7) ("The appellant shall include in its brief * * * [a] statement of the assignments of error presented for review * * * [and an] argument containing the contentions of the appellant * * * with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶13} Appellants' sole assignment of error on appeal states:

{¶14} "The trial court erred when it granted the Appellees' motions for summary judgment. There was specific evidence in the record to inculpate each of these Defendants-Appellees, and it was a question of fact as to whether the Defendants'-Appellees' *admitted* actions were extreme and outrageous[.]" (Emphasis sic.)

{¶15} Pursuant to Civ.R. 56(C), summary judgment is proper when

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶16} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Id.* at 293. If the moving party satisfies this burden, the nonmoving party then has the burden to provide evidence demonstrating a genuine issue of material fact. *Id.*, citing Civ.R. 56(E).

{¶17} "Civ.R. 56(E) states that even if the non-moving party fails to respond to the summary judgment motion, summary judgment is not automatic." *ABL, Inc. v. C.T.W. Dev. Corp.*, 7th Dist. Mahoning No. 15 MA 20, 2016-Ohio-759, ¶27. "[N]otwithstanding [appellants'] lack of response to appellees' motion for summary judgment, appellees are not entitled to summary judgment absent proof that such

6

judgment is, pursuant to Civ.R. 56(C), appropriate." *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988). Although a trial court faced with an unopposed summary judgment motion is not required to grant the motion, failure to respond to a motion for summary judgment carries with it great risk. A trial court is not required to act as an advocate and scour the record for evidence to defeat a pending motion. *See Conway v. Thermafab Alloy, Inc.*, 8th Dist. Cuyahoga No. 98091, 2013-Ohio-1539, ¶43, citing *Blount v. Schindler Elevator Corp.*, 10th Dist. Franklin No. 02AP-688, 2003-Ohio-2053, ¶40; *see also Lang v. Columbus Div. of Power & Water*, 10th Dist. Franklin No. 11AP-968, 2012-Ohio-2037, ¶42. Establishing a genuine issue of material fact with citation to the record is the burden of the defending party pursuant to Civ.R. 56(E).

{¶18} Appellants argue the trial court should not have penalized them for not filing a response to appellees' motion for summary judgment. Appellants maintain their failure to respond should not have been a factor the trial court considered in granting appellees' motion, because the record the trial court reviewed reflects genuine issues of material fact.

{¶19} In its July 17, 2015 judgment entry, although the trial court noted appellants did not submit a response to the motion for summary judgment, the trial court did not base its decision on the lack of a response. Upon review, we find appellees directed the trial court, and have directed this court, to evidentiary material in the record to demonstrate the absence of a genuine issue of material fact sufficient to shift the burden to appellants. For the reasons outlined below, we conclude that appellants failed to meet their reciprocal burden to demonstrate the existence of a genuine issue of material fact with regard to each of the causes of action.

7

{¶20} Appellants raise four distinct issues for review under their sole assignment of error:

[1.] The statute of limitations was never really an issue with regards to the record and the particular dates that the particular Appellees drove by the Krlich home and blasted their horns. [sic]

[2.] Regarding the issue of the outrageousness of the Defendants' conduct, the trial court inserted its own opinion in place of a trier of facts when it held that driving by and 'honking a horn on 10 occasions constitutes extreme and outrageous conduct.' It is a question of fact as to whether someone driving by a home at all hours of the day and night honking a car horn is outrageous in character and extreme in degree, and not a matter for summary judgment. [sic]

[3.] Under Ohio law, nuisance can also be caused by noise. The trial court erred when it found otherwise.

[4.] The Appellants more than adequately described their damages.

{¶21} Under their first issue for review, appellants assert the statute of limitations was not an issue because appellees failed to prove the horn honking occurred outside of the statute of limitations period. Appellants argue that appellees' counsel chose not to ask any questions regarding the timeline of events during the depositions, "so there is no evidence that the Millers/Bruce can point to in the record showing when their particular honking may or may not have occurred." In response, appellees argue Garrick Krlich stated in his deposition that the horn honking began some time in 2007 or 2008, well outside the applicable statute of limitations period, and that appellants failed to otherwise present any evidence of when the horn honking by appellees allegedly occurred.

{¶22} The party asserting a statute of limitations defense bears the burden of identifying the date of the event from which the statute of limitations began to run. *See*

8

*Werts v. Penn*, 2d Dist. Montgomery No. 20922, 2005-Ohio-6532, ¶11 (citation omitted). The applicable statute of limitations for each of the torts alleged in appellants' complaint is found in R.C. 2305.09, which states the "causes shall be brought within four years after the cause thereof accrued."

{¶23} Here, Garrick Krlich testified in his deposition that, while the conduct alleged in the complaint commenced in 2007 or 2008, he was unable to specify the dates that these appellees engaged in the conduct that was the subject of the complaint. Further, the trial court merely noted in its judgment entry that any events occurring prior to September 6, 2009, were outside of the applicable statute of limitations period and were not actionable. The trial court, however, did not grant summary judgment based on a finding that all the acts alleged in the complaint were committed outside of the statute of limitations period. Therefore, appellants' first issue presented for review does not establish any error on the part of the trial court.

{¶24} Appellants' second issue for review relates to their claim of intentional infliction of emotional distress. Appellants contend appellees were not entitled to summary judgment because whether the conduct complained of is "extreme and outrageous" is a question of fact.

{¶25} "One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress[.]" *Yeager v. Local Union 20,* 6 Ohio St.3d 369 (1983), paragraph one of the syllabus, *abrogated on other grounds*, 113 Ohio St.3d 464, 2007-Ohio-2451.

> 'To establish a claim for intentional infliction of emotional distress, a plaintiff must show (1) that the actor either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress to the plaintiff; (2)

9

that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it could be considered as "utterly intolerable in a civilized community"; (3) that the actor's actions were the proximate cause of plaintiff's psychological injury; and (4) that the mental anguish suffered by the plaintiff was serious and of a nature that "no reasonable man could be expected to endure it.'"

*Kovacic v. Eastlake*, 11th Dist. Lake No. 2005-L-205, 2006-Ohio-7016, ¶92, quoting *Buckman-Peirson v. Brannon*, 159 Ohio App.3d 12, 2004-Ohio-6074, ¶29 (2d Dist.), citing *Yeager, supra,* at 374-375, citing Restatement of the Law 2d, Torts, Section 46(1), Comments d & j (1965).

{¶26} In order to avoid summary judgment, the deposition testimony of Garrick Krlich should reflect that appellees' alleged conduct was extreme and outrageous. *See Bunsman v. W. Hills Country Club*, 1st Dist. Hamilton No. C-020323, 2003-Ohio-891, ¶18, quoting *Yeager, supra,* at 375. "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are insufficient to sustain a claim for relief." *Id.*, citing *Yeager, supra*, at 375. "Whether conduct rises to the level of 'extreme and outrageous' conduct constitutes a question of law." *Jones v. Wheelersburg Local School Dist.*, 4th Dist. Scioto No. 12CA3513, 2013-Ohio-3685, ¶41, citing *Sturdevant v. Likely*, 9th Dist. Medina No. 12CA0024-M, 2013-Ohio-987, ¶23, and *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶48 (10th Dist.) (citations omitted).

{¶27} In support of their argument on appeal, appellants discuss at length the alleged conduct of individuals other than appellees herein. They cite to the record from three different civil protection orders granted to appellants against individuals named Wilson, Duez, and Takash. Appellants contend that even though the records of these

10

proceedings are not part of the record in the present appeal, these are "precedents" for this court to follow. Appellants are incorrect. This court cannot consider matters that were not before the trial court or included in the record on appeal. Even if they were part of our record, the granting of these orders against other defendants is not evidence that appellees' alleged conduct was extreme and outrageous.

{¶28} One of the crucial issues appellees raised in their motion for summary judgment was identity. It is clear that appellants did not identify appellees as the perpetrators of much of the alleged misconduct. In addition to the various protection orders, none of which involved appellees, Mr. Krlich testified he did not know who threw trash on his lawn or who paint-balled his home. He testified that "Walker, Shelton, and Palestro" were the defendants who threatened him with physical harm.

{¶29} With regard to specific incidents involving appellees, he testified that Nick Bruce drove over his front yard, but he did not present any evidence of damage from that incident, and, as noted, the granting of summary judgment on the trespass claim has not been challenged on appeal. Mr. Krlich stated that Nick Bruce also accompanied Ryan Hamracek, another defendant, during a horn honking incident near Mr. Krlich's home. There was no testimony that Nick Bruce engaged in any horn honking or made any threats. Mr. Krlich stated he believed Lauren Miller honked her horn "Twenty to Twenty-seven times," but he did not indicate how he identified her as the operator of the vehicle, over what period of time her conduct occurred, or during what time of day it occurred. He testified that she did not make lewd gestures or slanderous comments. Mr. Krlich testified that Tyler Miller honked his horn "10 or 15" times. He testified he saw Tyler Miller "one or two [of those] times," but that the other

11

12 to 13 incidents he did not see Tyler Miller and observed only his vehicle. He also testified the surveillance video captured Tyler Miller giving him the finger from his vehicle. He stated Tyler Miller made lewd gestures at him "at least twice." Mr. Krlich testified he had no evidence of Bruce Miller driving past his house and honking his horn, but he stated Bruce Miller had driven past his house and made lewd gestures. Mr. Krlich did not testify on how many occasions this conduct occurred. He also testified to an occasion when he encountered Bruce Miller in front of an Autozone and confronted him. Mr. Krlich stated he told Bruce Miller "him and his kids better stop harassing my wife and I." They exchanged words and Bruce Miller "blew his horn" and gave Mr. Krlich "the finger" while driving away on his motorcycle.

{¶30} Mr. Krlich could not testify to the specific dates and times of any of the aforementioned incidents but stated the dates and times for the incidents occurring near his home were included in the video surveillance footage on a flash drive. However, the flash drive with the surveillance footage was not entered into evidence in the trial court and is not part of our record on appeal.

{¶31} Taking his testimony in a light most favorable to appellants, we find no issue with regard to whether appellees' alleged conduct was extreme and outrageous "beyond all possible bounds of decency" as a matter of law. Therefore, summary judgment in favor of appellees on appellants' claim of intentional infliction of emotional distress was appropriate.

{¶32} With regard to appellants' third issue for review, they contend nuisance can be caused by noise, and the trial court erred when it found otherwise. There is nothing in the trial court decision that suggests nuisance cannot be caused by noise.

12

What the trial court did find was that under this cause of action, appellants have alleged only that appellees honked their horns.

{¶33} "'Nuisance' is a term used to designate the wrongful invasion of a legal right or interest. It comprehends not only the wrongful invasion of the use and enjoyment of property, but also the wrongful invasion of personal legal rights and privileges generally." *Taylor v. Cincinnati*, 143 Ohio St. 426, 431-432 (1944). "For there to be an action for nuisance, the injury must be real, material, and substantial." *Banford v. Aldrich Chem. Co., Inc.*, 126 Ohio St.3d 210, 2010-Ohio-2470, ¶17, citing *Eller v. Koehler*, 68 Ohio St. 51, 55 (1903). "Damages for nuisance may include diminution in the value of property, costs of repairs, loss of use of the property, and compensation for annoyance, discomfort, and inconvenience." *Id.* (citations omitted). In order to recover damages for annoyance and discomfort, a plaintiff must establish that the nuisance caused physical discomfort, usually involving conditions that affect a person's sight, sound, smell, hearing, or touch. *Id.* at ¶26-28 (citations omitted).

{¶34} At the time of Mr. Krlich's deposition, over 30 defendants were still parties to the case. Much of the testimony about physical intrusion, such as throwing trash on his lawn or paint-balling the house, was not attributed to appellees. The deposition testimony also fails to establish the alleged conduct by appellees was invasive, because there is no evidence explaining the nature of the conduct, e.g., over what period of time or during what time of day it occurred. Further, because the record is devoid of evidence establishing when the alleged conduct occurred, we cannot determine whether the specific conduct by appellees corresponded with any alleged damages suffered by appellants. There were no damages attributed to these appellees that were

13

"real, material, and substantial." Therefore, we find there is no genuine issue of material fact with regard to nuisance. Summary judgment was appropriate on appellants' nuisance claim in favor of appellees.

{¶35} The adequacy of appellants' description of damages raised in the final issue for review is moot with regard to their claim of intentional infliction of emotional distress because liability was never established on that claim. With regard to the nuisance claim, appellant has not established any "real, material and substantial" damages attributed to the conduct of appellees.

{¶36} Appellants' sole assignment of error is without merit.

{¶37} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶38} I respectfully concur in part and dissent in part.

{¶39} In their sole assignment of error, appellants argue the trial court erred in granting appellees' motion for summary judgment. Specifically, appellants maintain the following: their lack of filing a reply to appellees' motion for summary judgment should not have mattered to the court; the statute of limitations was never an issue; it is a

14

question of fact whether someone honking a horn on ten occasions constitutes outrageousness; nuisance can be caused by a noise; and they more than adequately described their damages.

{¶40} This appeal stems from the trial court's granting summary judgment in favor of appellees. Appellants did not oppose appellees' motion for summary judgment. However, Civ.R. 56 does not require an answer or reply. In its July 17, 2015 judgment entry, the trial court merely noted that appellants did not submit a reply to the motion for summary judgment. However, the court did not base its decision on the lack of such filing. It is well-settled that "'[n]otwithstanding [appellants'] lack of response to (the) motion for summary judgment, [appellees are] not entitled to summary judgment absent proof that such judgment is, pursuant to Civ.R. 56(C), appropriate.'" *Daher v. Bally's Total Fitness*, 11th Dist. Lake No. 2014-L-061, 2015-Ohio-953, ¶14, quoting *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988). Thus, the Supreme Court of Ohio has indicated that "even where the nonmoving party fails *completely* to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." *Morris, supra,* at 47, citing *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 201-02 (1986). (Emphasis sic.)

{¶41} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one

conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C).

**{¶42}** "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 * * * (1996)." *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6. (Parallel citations omitted.)

**{¶43}** In their September 6, 2013 complaint, appellants raised three counts: count one, intentional infliction of serious emotional distress; count two, trespass; and count three, nuisance. As such, the torts alleged by appellants are governed by R.C. 2305.09, which provides that the cause of action shall be brought within four years after the cause of action accrues. The deposition of appellant Garrick Krlich indicates that the alleged horn honking began in 2007 or 2008, after the statute of limitations had run.

Pursuant to R.C. 2305.09, the trial court properly noted in its entry that "any events occurring prior to September 6, 2009 are outside the applicable statute of limitations."

{¶44} Regarding appellants' first count, "'[a] claim for intentional infliction of emotional distress lies where "(o)ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another." *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, * * * (* * *), at syllabus. "In a case for intentional infliction of emotional distress, a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410 * * *, (* * *) (citation omitted). Additionally, the mental anguish suffered by the plaintiff must be so severe and debilitating that "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 78 * * *, (* * *). "A non-exhaustive litany of some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Id.* (citation omitted); *Kovacic v. Eastlake*, 11th Dist. No. 2005-L-215, 2006-Ohio-7016, at ¶94 (citations omitted).' (Parallel citations omitted.)" *Floch v. Davis*, 11th Dist. Trumbull No. 2013-T-0021, 2013-Ohio-4968, ¶50, quoting *Weir v. Krystie's Dance Academy*, 11th Dist. Trumbull No. 2007-T-0050, 2007-Ohio-5910, ¶26.

{¶45} Although the noise from honking a horn on ten occasions may constitute a nuisance, it does not constitute extreme and outrageous conduct in this case. The burden is on appellants to establish serious emotional distress. However, they failed to

17

provide any sufficient Civ.R. 56 evidence to establish such a claim. Appellant Garrick Krlich referenced medical records and various medications in his deposition but no medical records or expert reports are contained in the record. Rather, appellants rely on their depositions and make mention of a flash drive. However, there is also no flash drive in the record. In order to prove serious emotional distress, a plaintiff must present some "guarantee of genuineness" in support of his or her claim and cannot rely solely on his or her own testimony. *See Buckman-Pierson v. Brannon*, 159 Ohio App.3d 12, 2004-Ohio-6074, ¶55-56 (2nd Dist.), citing *Paugh, supra,* at 76.

{¶46} Regarding appellants' second count, "'[t]respass is the unlawful entry upon the property of another.' *Chance v. BP Chemicals, Inc.*, 77 Ohio St.3d 17, 24 (1996). The elements of trespass are '(1) an unauthorized intentional act, and (2) entry upon land in the possession of another.' *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 716 (1993), citing *Blashinsky v. Topazio*, 11th Dist. No. 11-113, 1987 WL 9942 (Apr. 17, 1987)." *Guarino v. Farinacci*, 11th Dist. Lake No. 2001-L-158, 2003-Ohio-5980, ¶12.

{¶47} Appellants' complaint does not specifically identify which appellee, if any, trespassed upon their land. Appellants fail to produce any Civ.R. 56 evidence to establish that appellees committed trespass.

{¶48} Appellants also allege that the information in their depositions provides proof of serious damage. I disagree as to appellants' claims for intentional infliction of serious emotional distress and trespass. Appellants have shown no evidence of physical damage or change in value to their property. Appellants have also shown no evidence of a loss of income as a result of any of the claimed torts. Regarding their

18

emotional distress claim, appellant Garrick Krlich indicated in his deposition that his distress began in 2007 or 2008, outside of the statute of limitations. He further indicated that his distress changed very little between then and now.

{¶49} Accordingly, this writer finds no error in the trial court's granting summary judgment in favor of appellees on counts one, intentional infliction of serious emotional distress, and two, trespass.

{¶50} Regarding appellants' third count, "[t]he term 'nuisance' designates a distinct tort, consisting of anything wrongfully done or permitted that unreasonably interferes with another in the enjoyment of his property. *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 436 * * *. 'It comprehends not only the wrongful invasion of the use and enjoyment of property, but also the wrongful invasion of personal legal rights and privileges generally.' *Id.* at 432. * * *. To maintain an action for nuisance, there must be a real, material, and substantial injury. *Eller v. Koehler* (1903), 68 Ohio St. 51, 55 * * *. 'Damages for nuisance may include diminution in the value of the property, costs of repairs, loss of use of the property, and compensation for annoyance, discomfort, and inconvenience.' *Banford v. Aldrich Chem. Co., Inc.*, 126 Ohio St.3d 210, 213, 2010-Ohio-2470 * * *.

{¶51} "Nuisances are classified as absolute nuisances or qualified nuisances. *State ex rel. R.T.G., Inc. v. State*, 98 Ohio St.3d 1, 2002-Ohio-6719, * * *, ¶59*. 'An absolute nuisance, or nuisance *per se*, consists of (1) (an) intentional act resulting in harm, (2) an act involving (* * *) unlawful conduct causing unintentional harm, or (3) a nonculpable act resulting in accidental harm, for which, because of the hazards involved, absolute liability attaches notwithstanding the absence of fault.' *Metzger v.*

19

*Pennsylvania, Ohio & Detroit RR. Co.* (1946), 146 Ohio St. 406, * * *, paragraph one of the syllabus.

{¶52} "In contrast, '(a) qualified nuisance, or nuisance dependent on negligence, consists of an act lawfully but so negligently (* * *) done as to create (an) unreasonable risk of harm, which in due course results in injury to another.' Id. at paragraph two of the syllabus. See, also, *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, * * *, ¶15, fn. 4, * * *; *Taylor*, 143 Ohio St. 426, * * *, at paragraphs two and three of the syllabus." (Parallel citations omitted.) *Natale v. Everflow Eastern, Inc.,* 195 Ohio App.3d 270, 2011-Ohio-4304, ¶20-22 (11th Dist.).

{¶53} This case involves the intentional act of honking a horn resulting in harm, i.e., an absolute nuisance. "It has long been recognized that a nuisance must materially interfere with physical comfort." *Banford v. Aldrich Chem. Co. Inc.*, 126 Ohio St.3d 210, 2010-Ohio-2470, ¶28. "[I]n order to recover damages for annoyance and discomfort in a nuisance claim, a plaintiff must establish that the nuisance caused physical discomfort." *Id.* Cases involving excessive noise support recovery for personal discomfort or annoyance in a nuisance claim. *Id.* at ¶26. In fact, any condition affecting one's "sight, sound, smell, hearing, or touch," may cause a physical discomfort. *Id.*

{¶54} Thus, noise may constitute a nuisance. Appellants produced sufficient Civ.R. 56 evidence to establish a nuisance here. The record in this case reveals repeated horn honking, i.e., noise. The trial court found that the repeated horn honking did occur.

{¶55} Appellants point out that the Trumbull County Court of Common Pleas had issued CPOs stemming from the events complained of in this case. In some of those

CPOs, appellants stress the trial court had indicated that it was crazy that half of Hubbard thinks it is just a fun thing to do to make someone else miserable; that that type of behavior is stupid, immature, and lacks basic human decency; and that it was like a big joke to keep "poking the hornet's nest." Appellants stress that the trial judge in the instant matter should have found that a question of fact remained, at least with respect to their nuisance claim.

{¶56} Based on the facts presented, this writer determines the trial court erred in not finding that the excessive noise from the repeated horn honking did not cause appellants any personal discomfort or annoyance to support their nuisance claim.

{¶57} Upon consideration, the trial court properly granted appellees' motion for summary judgment on counts one, intentional infliction of serious emotional distress, and two, trespass. However, I believe the trial court erred in granting summary judgment in favor of appellees on count three, nuisance.

{¶58} For the foregoing reasons, because this writer finds the judgment of the Trumbull County Court of Common Pleas should be affirmed in part, reversed in part, and remanded, I respectfully concur in part and dissent in part.